SCOTT B. AUSTIN & another[1] *vs.* BOSTON UNIVERSITY
HOSPITAL & others.[2]

Suffolk.    February 8, 1977. — June 2, 1977.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, & ABRAMS, JJ.

*Statute,* Retroactive statute.    *Medical Malpractice.    Negligence,* Med-
    ical malpractice.

The provisions of G. L. c. 231, § 60B, do not apply to an action for
    medical malpractice commenced prior to January 1, 1976, even
    though the defendant's answer had not been filed prior to that date.
    [656-659]
Under the provisions of G. L. c. 231, § 60B, a medical malpractice ac-
    tion brought in a court other than the Superior Court must be re-
    ferred to a tribunal in the Superior Court.  [659-660]
Under G. L. c. 231, § 60B, a medical malpractice action must be dis-
    missed if a tribunal finds that "the plaintiff's case is merely an un-
    fortunate medical result" and the plaintiff fails to file a bond in
    accordance with § 60B.  [661]

QUESTIONS OF LAW certified to the Supreme Judicial
Court by the United States District Court for the District
of Massachusetts.

*Wade M. Welch* for the plaintiffs.

*Steven J. Cohen* (*Peter L. Puciloski* with him) for the
defendants.

WILKINS, J.    A judge of the United States District
Court, District of Massachusetts, has certified four ques-
tions to us concerning the application and interpretation
of G. L. c. 231, § 60B, inserted by St. 1975, c. 362, § 5,
which provides for a preliminary hearing by a tribunal in
every action for malpractice, error, or mistake against a
provider of health care. See S.J.C. Rule 3:21, as amended,

---

[1] The other plaintiff is Diane Austin, wife of Scott B. Austin.

[2] The other defendants are various physicians and nurses.

366 Mass. 871 (1974). These questions, which are set forth in the margin,[3] arise from the filing of a complaint on December 31, 1975, in which the plaintiffs allege that the defendant hospital and the defendant physicians violated their contractual obligations, committed a breach of warranty, were negligent, and committed a battery on the plaintiff, Scott B. Austin. The plaintiffs also allege that the defendant nurses were negligent in their treatment of Scott B. Austin.[4]

Section 60B provides that each medical malpractice action "shall be heard by a tribunal consisting of a single

---

[3] The questions certified were:

"1. Does G. L. c. 231, § 60B require that an action of malpractice against a health care provider, in which the complaint was filed before January 1, 1976 but the answer was not filed until after January 1, 1976, be heard by a tribunal in accordance with the provisions of said statute?

"2. If an action of malpractice against a health care provider is brought in any court other than the Superior Court of the Commonwealth, does G. L. c. 231, § 60B require that the action be referred to a tribunal in the Superior Court of the Commonwealth, in accordance with the provisions of said statute?

"3. If an action of malpractice against a health care provider is brought in any court other than the Superior Court of the Commonwealth, and G. L. c. 231, § 60B does not require that the action be referred to a tribunal of the Superior Court of the Commonwealth, should the court in which the action is pending constitute a similar tribunal to be charged with the responsibility set forth in said statute?

"4. If the tribunal shall make a finding that the case brought by the plaintiffs is merely an unfortunate medical result, and if the plaintiffs fail to file a bond in accordance with the provisions of G. L. c. 231, § 60B, does said statute require that the plaintiffs' action be dismissed from the court in which said action is pending?"

[4] An "action for malpractice, error or mistake" is not defined in G. L. c. 231, § 60B, nor in the associated sections (§§ 60C-60E) enacted at the same time. St. 1975, c. 362, § 5. Clearly, a claim of negligence falls into that class of action, and, therefore, we have not been asked whether an action based on breach of warranty or battery may be an action "for malpractice, error or mistake." Because the apparent purpose of St. 1975, c. 362, § 5, was to discourage frivolous claims whose defense would tend to increase premium charges for medical malpractice insurance, the scope of the coverage normally available under a malpractice insurance policy may provide some guidance in determining the intended meaning of the words "malpractice, error or mistake." For convenience in this opinion, we shall refer to "action[s] for malpractice, error or mistake against a provider of health care" as medical malpractice actions.

justice of the superior court, a physician licensed to prac-
tice medicine in the commonwealth... and an attorney
authorized to practice law in. the commonwealth...."[5]
The tribunal "shall determine if the evidence presented
if properly substantiated is sufficient to raise a legitimate
question of liability appropriate for judicial inquiry or
whether the plaintiff's case is merely an unfortunate med-
ical result." The tribunal must hear the medical malprac-
tice action "within fifteen days after the defendant's
answer has been filed." "If a finding is made for the defend-
ant the plaintiff may pursue the claim through the usual
judicial process only upon filing bond in the amount of
[$2,000]... payable to the defendant for costs assessed,
including witness and experts [*sic*] fees and attorneys
[*sic*] fees if the plaintiff does not prevail in the final judg-
ment." The Superior Court judge in his discretion may
increase the amount of the bond, and, if the plaintiff is
indigent, the judge may reduce the amount of the bond
but may not eliminate the requirement of a bond. "If said
bond is not posted within thirty days of the tribunal's
finding the action shall be dismissed."

Statute 1975, c. 362, § 13, provides that § 5, by which
G. L. c. 231, §§ 60B-60E, were inserted in the General
Laws, "shall take effect on... [January 1, 1976]." This
provision has prompted the first question certified to us
because, as already noted, the complaint in this case was
filed on December 31, 1975.

1. The first question inquires whether § 60B applies to
a medical malpractice action in which the complaint was
filed before January 1, 1976, but no answer was filed until
after that date. The basic question is what the Legislature
intended by providing that § 60B "shall take effect on...
[January 1, 1976]." St. 1975, c. 362, § 13. The plaintiffs
argue that § 60B applies only to actions entered on and
after January 1, 1976. The defendants contend that § 60B

---

[5] If there are codefendants representing more than one field of health
care, the Superior Court judge determines in his discretion who shall
represent the health care field on the tribunal.

Austin *v.* Boston University Hospital.

applies to all medical malpractice actions pending on January 1, 1976, or at least to those actions which had not passed beyond the procedural stage at which a tribunal would be convened. In this case, of course, as a practical matter, no answer could have been filed prior to January 1, 1976, and it is the filing of a defendant's answer which occasions the appointment of a tribunal.[6]

The question is one of legislative intent, and, in this instance, the Legislature has given no explicit guidance on the point. Section 60B is largely procedural and, if applied to existing medical malpractice claims, would not interfere with the reasonable expectations of the parties at the time of the transactions giving rise to those claims. Cf. *Yates* v. *General Motors Acceptance Corp.*, 356 Mass. 529, 531 (1969). On the other hand, a plaintiff who fails to persuade the tribunal that he has a meritorious claim may proceed only by assuming the risk of liability (to the amount of the bond) for the costs of the defense of each defendant who thereafter prevails in the action. By imposing liability for legal costs and expenses on an unsuccessful litigant, § 60B contains an element of substance, and not merely procedure. Our general rule, easily stated but not always easily applied, is to construe statutes which deal with substantive rights, rather than remedies or procedure, as operating prospectively only, unless the Legislature has stated the contrary explicitly. See *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 626-628 (1974); *Hein-Werner Corp.* v. *Jackson Indus. Inc.*, 364 Mass. 523, 525 (1974); *Lindberg* v. *State Tax Comm'n*, 335 Mass. 141, 143 (1956). We think it clear that the Legislature intended

---

[6] Section 60B provides no guidance concerning the appointment of a tribunal where there is more than one defendant and their respective answers are not filed on the same date. It is intended that a single tribunal deal in one hearing with claims against all defendants. In order to achieve this legislative purpose, the single justice in the Superior Court must have discretion to delay or continue the tribunal's hearing for a reasonable time in order to permit a collective consideration of a plaintiff's various claims. If, however, another defendant is added after the tribunal's conclusions are announced, the same tribunal or another one will have to be appointed.

that § 60B apply to at least certain existing causes of action. No party claims otherwise. However, because § 60B has a substantive aspect, we shall construe § 60B as applicable only to those medical malpractice actions to which it clearly appears the Legislature intended that it apply. Any uncertainty must be resolved against retroactive application of the statute.

We reject the defendants' argument that § 60B applies to all medical malpractice actions pending on January 1, 1976. We doubt that the Legislature intended that our overburdened Superior Court should undertake the appointment of tribunals in all such pending actions. The pattern of § 60B does not invite such a broad construction. Section 60B requires the appointment of a tribunal and a hearing before it within fifteen days after the defendant's answer has been filed. It makes no reference to cases in which answers have already been filed. We think it clear that the Legislature did not intend § 60B to apply to all pending, untried medical malpractice actions.

Although the issue is a closer one, we also conclude that the Legislature did not intend § 60B to apply to a medical malpractice action pending on January 1, 1976, in which a defendant had not filed an answer. Such an interpretation would create a problem in every case involving codefendants where one defendant had filed an answer before January 1, 1976, and another defendant had not. Statute 1975, c. 362, generally, and G. L. c. 231, § 60B, in particular, give no guidance as to what should be done about a tribunal in such a case. We think that the only reasonable construction of the provision that § 60B "shall take effect on ... [January 1, 1976]" is that § 60B shall apply to medical malpractice actions filed on and after January 1, 1976. Such a clear and easily implemented commencement date for § 60B procedures appears to us to be the result most likely intended by the Legislature's direction that § 60B "shall take effect on ... [January 1, 1976]."

It is true that this case presents the strongest circumstances in support of a rule which makes § 60B applicable to medical malpractice actions in which answers are filed

after January 1, 1976, because here no answer could have been filed before that date, as a practical matter. However, we find no indication of any legislative intent that an exception should be made to the general rule which we think is applicable. In that circumstance, the bias against retroactivity, in the absence of a clear direction from the Legislature, operates to produce the result we have stated.

The answer to the first question is "No." Section 60B does not apply to this case. In view of this conclusion, it is not necessary for us to answer the remaining questions, each of which is of significance in the context of this case only if § 60B applies. However, we suspect that there are already and, in any event, will be other medical malpractice actions which will present the same issues in the Federal courts. Therefore, we shall discuss the remaining questions.

2. The second question asks what, if anything, should be done if a medical malpractice action is brought in a court other than the Superior Court. We will answer this question as it applies to the courts of the Commonwealth. The answer may be of some assistance to Federal District Court judges in determining what course to follow. We shall not presume, however, to advise Federal judges concerning the extent to which the provisions of G. L. c. 231, §§ 60B-60E, should be applied in medical malpractice actions pending before them. That is a question of Federal law.

We suspect that the vast majority of medical malpractice actions commenced in this Commonwealth are commenced in the Superior Court or, if not entered there, promptly removed to that court before trial by action of the defendant. See G. L. c. 231, § 104, permitting the immediate removal to the Superior Court of actions involving a claim of more than $4,000. In theory, and perhaps in practice, some medical malpractice cases could be entered and remain in the District and Municipal Courts. There are no other courts in the Commonwealth where such an action logically could be brought.

Section 60B states that every medical malpractice ac-

tion "shall be heard by a tribunal." The Legislature appears to have directed that every such case must be appraised by a tribunal as defined in § 60B. There is no apparent exception. Thus, if a medical malpractice action is entered in a District or Municipal Court of this Commonwealth and not removed to the Superior Court, it must be transferred to the Superior Court for consideration by a § 60B tribunal. Thereafter, the case will be subject to trial in the District or Municipal Court. We do not read § 60B as giving the Superior Court exclusive jurisdiction of medical malpractice actions. For example, if a medical malpractice action is subject to transfer to a District Court for trial under G. L. c. 231, § 102C, the action may be transferred for trial in a District Court after a consideration by a Superior Court tribunal.

As we have said, we doubt the problem addressed by this second question is a serious practical one in the courts of the Commonwealth. If it is, the Legislature may wish to address the problem. As far as the Federal District Courts are concerned, if it is determined that a tribunal should pass on a particular medical malpractice action brought in a Federal court, that the Federal court should not fashion its own tribunal, and that it is appropriate that a tribunal appointed by the Superior Court express its views on the case, then, on appropriate reference to the Superior Court, a § 60B tribunal will be appointed and act on the matter, after which its findings will be transmitted to the clerk of the Federal court.

The defendants have argued that the second question should be answered "Yes," and we agree. A medical malpractice action brought in a court other than the Superior Court must be referred to a tribunal in the Superior Court for action in accordance with § 60B and its associated sections. We repeat, however, that we express no view on what a Federal District Court should do.

3. The third question concerns the obligation, if any, of a court other than the Superior Court to create its own tribunal if reference to a tribunal of the Superior Court is not required by § 60B. Because we have indicated in

our answer to the second question that reference to a tribunal in the Superior Court is required, this question need not be answered.

4. The fourth question asks whether a medical malpractice action must be dismissed if a tribunal finds that "the plaintiff's case is merely an unfortunate medical result" (§ 60B) and the plaintiff fails to file a bond in accordance with § 60B. A bond is required in such a case, although a judge may reduce the amount of it in the event of the plaintiff's indigency. Section 60B is clear that, if the bond is not posted within thirty days of the tribunal's finding, the action shall be dismissed. The answer to the fourth question is "Yes."

5. In summary, we need not answer the third question. We answer the first question "No." We answer the second and fourth questions "Yes." The procedures described in *Hein-Werner Corp.* v. *Jackson Indus. Inc.*, 364 Mass. 523, 530-531 (1974), for distribution of this opinion as answer to the questions certified shall be followed.

*So ordered.*