**Harold BYRNES**

v.

**Francis KIRBY et al.**

**Civ. A. No. 76-2555-F.**

United States District Court, D. Massachusetts.

May 19, 1978.

Andrew C. Meyer, Jr., Boston, Mass., for plaintiff.

Anthony D. Murphy, Sullivan & Cronin, Boston, Mass., for defendant Kirby.

Clement McCarthy, Lowell, Mass., for defendant Sergi.

John J. C. Herlihy, Herlihy & O'Brien, Boston, Mass., for defendant Borgia.

John J. C. Herlihy, Herlihy & O'Brien, Boston, Mass., for defendant Cardinal Cushing Hospital.

Raymond J. Kenney, Jr., Boston, Mass., for defendant Rodriguez.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

This action was filed on July 2, 1976 by plaintiff Harold J. Byrnes seeking to recover monetary damages for injuries sustained while under the medical care of the defendants, Francis Kirby, Paul Sergi, Francis Borgia, and Jeronimo Rodriguez, and the agents, servants and employees of the defendant Cardinal Cushing General Hospital, Inc. The plaintiff allegedly submitted himself to the care of the defendants on or about April 3, 1974, and he claims negligence on the part of each of the defendants. The court's jurisdiction in this action is based solely on the diversity of citizenship between the plaintiff and the defendants.

The procedural posture of the case merits some explanation. On March 24, 1977, the defendants Sergi and Rodriguez made a motion for reference of the instant action to a medical malpractice tribunal pursuant to Mass.Gen.Laws, ch. 231, § 60B (Supp. 1977–78) (hereinafter "section 60B"),[1] which motion was allowed by the court on April 5, 1977. Shortly thereafter, on April 15, 1977, the plaintiff made a motion requesting that the court reconsider its decision of April 5, 1977 to allow the motion for reference to a medical malpractice tribunal. The plaintiff's motion for reconsideration was accompanied by a motion requesting a stay of the court's order pending the response of the Supreme Judicial Court of Massachusetts to four questions regarding the application and interpretation of section 60B certified to that court by another Judge of this District Court in the case of *Austin v. Boston Univ. Hosp.*, S.J.C. No. 754. Before this court ruled on the motions, the parties entered into a stipulation filed on May 2, 1977 that provided *inter alia* that the plaintiff's motion for reconsideration of this court's order of reference to a medical malpractice tribunal and the plaintiff's motion for a stay of that order would be held in abeyance until the Supreme Judicial Court's response was issued in the *Austin* case.[2] Following issuance of the *Austin* opinion by the Supreme Judicial Court on June 2, 1977,

---

1. This statute is set out in full in the Appendix to this memorandum. The "tribunal" described in the statute is alternatively referred to in this memorandum as a "medical malpractice tribunal."

2. On May 25, 1977, the defendant Kirby also filed a motion for reference of the case to a medical malpractice tribunal pursuant to section 60B. The court notes that after the case was taken under advisement, defendant Kirby entered into a stipulation for his dismissal as a party defendant with the plaintiff. Although the court does not wish to rule on the effect of the stipulation on other pending motions in this case, the court declines to consider defendant Kirby's motion for reference to a medical malpractice tribunal at this time.

*Austin v. Boston Univ. Hosp.,* 1977 Mass. Adv.Sh. 1166, 363 N.E.2d 515, two other defendants, Francis Borgia and Cardinal Cushing Hospital, Inc., made a motion for reference of the case to a medical malpractice tribunal pursuant to section 60B, and the plaintiff renewed his motion for reconsideration. These are the motions before the court at this juncture.[3]

For the reasons stated below, the court concludes that this case must be referred to a medical malpractice tribunal in accordance with Mass.Gen.Laws, ch. 231, § 60B. The court, therefore, denies the plaintiff's motion for this court to reconsider its decision to allow the motion of the defendants Sergi and Rodriguez for reference of this case to a medical malpractice tribunal. The court also grants the motion of the defendants Borgia and Cardinal Cushing Hospital, Inc. to refer this case to a medical malpractice tribunal.

*Section 60B: The Massachusetts tribunal hearing and bonding requirement*

The Massachusetts medical malpractice statute was enacted in 1975 to add chapter 231, sections 60B to 60E, to the General Laws. 1975 Mass. Acts, ch. 362, § 5, as amended, 1975 Mass. Acts, ch. 634, §§ 1 & 2. Section 60B requires that every action for malpractice which is brought against a provider of health care be heard by a tribunal, composed of a single justice of the Massachusetts Superior Court, a physician licensed to practice medicine in Massachusetts and an attorney authorized to practice law in Massachusetts, within 15 days after the defendant's answer has been filed. The physician and the attorney are selected by the single justice from lists submitted by the state medical society and bar association. At the hearing, the plaintiff shall present an "offer of proof" and the tribunal shall decide "if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result." Mass.Gen.Laws, ch. 231, § 60B (Supp.1977–78). If the tribunal finds for the defendant, the plaintiff may press the claim through the usual judicial channels only upon filing bond in the amount of two thousand dollars ($2,000) or higher, if so set by the single justice, with the clerk of the court in which the case is pending. The amount of the bond is payable to the defendant for the costs assessed including witness', expert's and attorney's fees, in the event that the plaintiff does not prevail in the final judgment. Section 60B further provides that the action shall be dismissed if the bond is not posted within thirty (30) days of the unfavorable finding of the tribunal. Although the amount of the bond may be reduced by the justice upon the plaintiff's motion and the court's determination that the plaintiff is indigent, the bonding requirement may not be eliminated. *Id.*[4]

In *Austin v. Boston Univ. Hosp., supra,* the Supreme Judicial Court shed some light on the operation of section 60B.[5] That court observed that the "apparent purpose of the [statute] was to discourage frivolous claims whose defense would tend to increase premium charges for medical malpractice insurance." 1977 Mass.Adv.Sh. at

---

**3.** Although these motions were referred to a United States Magistrate, the court has decided to rule on the motions because of the significance of the issue involved.

**4.** In addition, section 60B gives the tribunal the power to subpoena any records, to summon individuals to clarify evidence, and to appoint experts who may testify as witnesses. These witnesses' testimony and the finding of the tribunal under section 60B are also admissible evidence at a trial. *Id.*

**5.** Of the four questions certified to the Supreme Judicial Court in *Austin*, the threshold question posed was whether an action for medical malpractice in which the complaint was filed on December 31, 1975, but the answer was not filed until after January 1, 1976, came within purview of the statute. The Supreme Judicial Court decided that section 60B "shall apply to medical malpractice actions filed on and after January 1, 1976," 1977 Mass.Adv.Sh. at 1171, 363 N.E.2d at 518, so that the requirement of appointment of a tribunal did not apply to the *Austin* case. The court, however, proceeded to discuss the remaining questions. *Id.*

1167 n. 4, 363 N.E.2d at 516 n. 4. More importantly, the court also indicated that a "medical malpractice action brought in a court other than the Superior Court must be referred to a tribunal in the Superior Court for action in accordance with § 60B and its associated sections." *Id.* at 1173–74, 363 N.E.2d at 519. Although reference to a tribunal was regarded as mandatory for medical malpractice actions instituted in any state court in Massachusetts, the Supreme Judicial Court recognized that the application of section 60B to actions for medical malpractice instituted in federal district court is a question of federal law. *Id.* at 1172, 363 N.E.2d at 518. That court did suggest, however, the procedure to be followed if it is determined by a federal court that a tribunal should hear an action for medical malpractice brought in federal district court, that the federal court should not create its own tribunal and that it is appropriate for a tribunal convened by the Superior Court to hear the case. That procedure is: "on appropriate reference to the Superior Court, a § 60B tribunal will be appointed and act on the matter, after which its findings will be transmitted to the clerk of the Federal Court." *Id.* at 1173, 363 N.E.2d at 519.[6]

*The "Erie" problem*

██ The issue raised by the motions before the court at this time is whether reference to a medical malpractice tribunal pursuant to section 60B is a substantive right of a defendant under Massachusetts law which must be applied by a federal court in a medical malpractice case where the court's jurisdiction is based on the diverse citizenship of the parties.[7] The familiar starting point for inquiry must be the Rules

of Decision Act, 28 U.S.C. § 1652, and the United States Supreme Court decision in *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), interpreting that statute. The Rules of Decision Act provides that "[t]he laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." 28 U.S.C. § 1652. In *Erie, supra* at 78, 58 S.Ct. 817, the Supreme Court found that "laws of the several states" included judicial decisions as well as statutes. But the *Erie* decision has been regarded as standing for much more. With regard to the application of state law in actions entertained in federal courts, *Erie* and its progeny established the principle that, with respect to non-federal matters in cases where jurisdiction is based on diversity of citizenship, substantive state law is to be applied by federal courts. *Id.;* *Hanna v. Plumer,* 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); 1A, Pt. 2 Moore's Federal Practice ¶ 0.304, at 3045 (2d ed. 1977).

The *Erie* principle has been recast by the Supreme Court upon numerous occasions. In *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), the Court decided that a state statute of limitations which might have barred the same suit if brought in a state court had to be applied in a federal diversity action. The Court viewed the test as something more than characterizing a state rule of law as either substantive or procedural:

And so the question is not whether a statute of limitations is deemed a matter

---

**6.** Section 60B of chapter 231 was recently upheld as constitutional by the Supreme Judicial Court when challenged by plaintiffs whose case was dismissed because of their failure to meet the $2,000 bond requirement imposed after a tribunal hearing. The plaintiffs had argued that the tribunal procedure violated the equal protection, due process and separation of powers provisions of the state and federal constitutions. *Paro v. Longwood Hosp.,* 1977 Mass. Adv.Sh. 2353, 2353–54, 2368, 369 N.E.2d 985, 986–87, 999.

**7.** Absent the fact that the instant action was brought in federal court rather than state court, section 60B would unquestionably apply. This is an action for malpractice within the meaning of the statute as the plaintiff asserts claims of negligence against health care providers and filed his complaint after January 1, 1976. *See Austin v. Boston Univ. Hosp., supra,* 1977 Mass.Adv.Sh. at 1167 n. 4, 1171, 363 N.E.2d at 516 n. 4, 518.

of "procedure" in some sense. The question is whether such a statute concerns merely the manner and the means by which a right to recover, as recognized by the State, is enforced, or whether such statutory limitation is a matter of substance in the aspect that alone is relevant to our problem, namely, does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State Court.

.  .  .  .  .

. . . In essence, the intent of [*Erie*] was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State Court. *Id.* at 109, 65 S.Ct. at 1470.

The "outcome determinative" test enunciated in *Guaranty Trust,* however, was apparently qualified in *Byrd v. Blue Ridge Rural Electric Coop. Inc.,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958). In *Byrd,* the Court declined to apply the state rule, whereby the judge rather than the jury decided factual issues raised by an affirmative defense under the state's Workmen's Compensation Act, because of "the federal policy favoring jury decisions of disputed fact questions." *Id.* at 538, 78 S.Ct. at 901. The Court suggested that a state law would not be applied where it altered "the essential character or function of a federal court . . . ." *Id.* at 539, 78 S.Ct. at 901, *quoting from, Herron v. Southern Pacific Co.,* 283 U.S. 91, 94, 51 S.Ct. 383, 75 L.Ed. 857 (1931), although the outcome of the lawsuit might be substantially affected by the state rule. 356 U.S. at 539, 78 S.Ct. 893. *See also LaForest v. Autoridad de las Fuentes Fluriales de Puerto Rico,* 536 F.2d 443, 446–47 (1st Cir. 1976).

Finally, in *Hanna v. Plumer, supra,* the Court held that the manner of service of process in a civil action, where the jurisdiction of the federal court was grounded in diversity of citizenship, was governed by Federal Rule of Civil Procedure 4(d)(1) and not a state rule generally requiring in hand service. In so holding, the Court emphasized that the *Erie* principle did not control application of a Federal Rule of Civil Procedure so that where there is a conflicting state procedural rule the Federal Rule is controlling if it is not contrary to the Rules Enabling Act or the Constitution.[8] Drawing on the decision in *Byrd,* the Court, moreover, indicated that the "outcome determinative" test was not "intended to serve as a talisman . . . [but] that choices between state and federal law are to be made . . . by reference to the policies underlying the *Erie* rule," *id.* at 467, 85 S.Ct. at 1141, which the Court identified as "discouragement of forum shopping and avoidance of inequitable administration of the laws." *Id.* at 468, 85 S.Ct. at 1142.

In addition to these Supreme Court pronouncements on the application of the *Erie* principle, that Court has also held that a federal court must apply a state statute which permitted a corporate defendant to require a plaintiff minority shareholder to give security for reasonable expenses including attorney's fees which may be incurred in defending the action. The statute made the plaintiff liable to the corporate defendant for his expenses if the plaintiff's claim failed. *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 544–45, 555–57, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Finding that the state statute was "not merely a regulation of procedure," the Court stated in *Cohen* :

> With [the statute] or without it the main action takes the same course. However, it creates a new liability where none existed before, for it makes a stockholder who institutes a derivative action liable for the expense to which he puts the

---

8. *See Marshall v. Mulrenin,* 508 F.2d 39 (1st Cir. 1974), for a thorough discussion of the *Hanna* decision.

corporation and other defendants, if he does not make good his claims. Such liability is not usual and it goes beyond payment of what we know as "costs." If all the Act did was to create this liability, it would clearly be substantive. But this new liability would be without meaning and value in many cases if it resulted in nothing but a judgment for expenses at or after the end of the case. Therefore, a procedure is prescribed by which the liability is insured by entitling the corporate defendant to a bond of indemnity before the outlay is incurred. We do not think a statute which so conditions the stockholder's action can be disregarded by the federal court as a mere procedural device. *Id.* at 555–56, 69 S.Ct. at 1230. The Court of Appeals for this Circuit has followed the teachings of *Cohen* and declared that "federal courts are to apply the bonding requirements of the forum state." *Johnson Chemical Co. v. Condado Center, Inc.,* 453 F.2d 1044, 1047 (1st Cir. 1972). *See also Coady v. Aguadilla Terminal Inc.,* 456 F.2d 677, 679 (1st Cir. 1972).

■ I believe the decision in *Cohen* also requires this court to apply section 60B to the case at bar. Similar to the minority stockholders' security statute considered in *Cohen,* section 60B embraces an important substantive element. Section 60B creates a substantive liability for costs in the amount of the bond required to be filed by a plaintiff who institutes a medical malpractice action, fails to convince the tribunal that there is a legitimate question of liability and then unsuccessfully pursues the claim or claims to final judgment. Reference to a medical malpractice tribunal with the accompanying bond requirement pursuant to section 60B is, therefore, a substantive right of a defendant under Massachusetts law in an action for medical malpractice, which right must be recognized by a federal court in a diversity action brought in the federal court system.[9]

Reference of this case to a medical malpractice tribunal is for the most part consistent with the other Supreme Court pronouncements on the application of state law by federal courts. It is, of course, possible that the final "outcome" of the litigation might be substantially the same for a medical malpractice action brought in federal court where reference to a medical malpractice tribunal was not made as it would be for an action brought in the state court system where reference to such a tribunal must be made. However, reference to a medical malpractice tribunal of a case instituted in federal court, such as the case at bar, is the proper course to follow because it would fulfill the "twin aims of *Erie,*" expressed in the *Hanna* case, of preventing forum shopping and avoiding unfairness in the administration of the laws. If reference to a medical malpractice tribunal were not ordered, it is likely that potential plaintiffs in medical malpractice actions would engage in forum shopping. Those plaintiffs who could meet the jurisdictional requirements would be encouraged to institute their actions in federal court so as to avoid the screening process, the possibility of a bonding requirement being imposed, and the resultant statutory liability in the amount of the bond for expenses if the defense is successful. It would also simply be inequitable to permit some litigants to bypass the procedure of a tribunal hearing.

There appears to be no federal policy, such as that favoring jury determination of factual issues recognized in *Byrd* that would be contravened by reference of this case to a state medical malpractice tribunal. It has not been suggested that reference to a state tribunal would in any way alter the character and function of this federal court. Furthermore, the state policy embodied in section 60B, which is "to discourage frivolous claims whose defense would tend to increase premium charges for medical malpractice insurance," *Austin v. Boston Univ. Hosp., supra,* 1977 Mass.Adv.Sh. at 1167 n.

**9.** The motions presently before this court do not raise and, therefore, I do not pass on the question whether the testimony of the witnesses at the tribunal hearing or the findings of the

medical malpractice tribunal would be admissible in evidence at trial in an action brought in federal court. See note 4, *supra.*

4, 363 N.E.2d at 516 n. 4, would be undermined if a federal court did not apply the section 60B requirement of referring actions of medical malpractice to a tribunal.

*Order*

Because I reach the conclusion that this action must be referred to a state medical malpractice tribunal pursuant to section 60B, the procedure suggested by the Supreme Judicial Court in the *Austin* case will be followed. It is therefore ORDERED by this Court that this case be referred by the Clerk of this Court to the Acting Chief Justice of the Massachusetts Superior Court for the appointment of a tribunal, a hearing on the matter, and findings which are then to be transmitted to the Clerk of this Court.

APPENDIX

§ *60B. Malpractice action against provider of health care; tribunal; composition, etc; evidence; witnesses; findings; expenses*

Every action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine in the commonwealth under the provisions of section two of chapter one hundred and twelve and an attorney authorized to practice law in the commonwealth, at which hearing the plaintiff shall present an offer of proof and said tribunal shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result.

Said physician shall be selected by the single justice from a list submitted by the Massachusetts Medical Society representing the field of medicine in which the alleged injury occurred and licensed to practice medicine and surgery in the commonwealth under the provisions of section two of chapter one hundred and twelve. The list submitted to the single justice shall consist only of physicians who practice medicine outside the county where the defendant practices or resides or if the defendant is a medical institution or facility outside the county where said institution or facility is located. The attorney shall be selected by the single justice from a list submitted by the Massachusetts Bar Association. The attorney and physician shall, subject to appropriation, each be compensated in the amount of fifty dollars.

Where the action of malpractice is brought against a provider of health care not a physician, the physician's position on the tribunal shall be replaced by a representative of that field of medicine in which the alleged tort or breach of contract occurred, as selected by the superior court justice in a manner he determines fair and equitable.

Where there are codefendants representing more than one field of health care the superior court justice shall determine in his discretion who shall represent the health care field on the tribunal.

Each such action for malpractice shall be heard by said tribunal within fifteen days after the defendant's answer has been filed. Substantial evidence shall mean such evidence as a reasonable person might accept as adequate to support a conclusion. Admissible evidence shall include, but not be limited to, hospital and medical records, nurses' notes, x-rays and other records kept in the usual course of the practice of the health care provider without the necessity for other identification or authentication, statements of fact or opinion on a subject contained in a published treatise, periodical, book or pamphlet or statements by experts without the necessity of such experts appearing at said hearing. The tribunal may upon the application of either party or upon its own decision summon or subpoena any such records or individuals to substantiate or clarify any evidence which has been presented before it and may appoint an impartial and qualified physician or surgeon or other related professional person or expert to conduct any necessary professional or expert examination of the claimant or relevant evidentiary matter and to report

or to testify as a witness thereto. Such a witness shall be allowed traveling expenses and a reasonable fee to be fixed by the tribunal which shall be assessed as costs. The testimony of said witness and the decision of the tribunal shall be admissible as evidence at a trial.

If a finding is made for the defendant the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of two thousand dollars secured by cash or its equivalent with the clerk of the court in which the case is pending, payable to the defendant for costs assessed, including witness and experts fees and attorneys fees if the plaintiff does not prevail in the final judgment. Said single justice may, within his discretion, increase the amount of the bond required to be filed. If said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed. Upon motion filed by the plaintiff, and a determination by the court that the plaintiff is indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof.

For the purposes of this section, a provider of health care shall mean a person, corporation, facility or institution licensed by the commonwealth to provide health care or professional services as a physician, hospital, clinic or nursing home, dentist, registered or licensed nurse, optometrist, podiatrist, chiropractor, physical therapist or psychologist, or an officer, employee or agent thereof acting in the course and scope of his employment.

The expenses and compensation of said tribunal shall be paid by the commonwealth, provided, however, that the pro rata percentage of such expenses and compensation engendered by actions brought against providers of health care registered under chapter one hundred and twelve shall not be in excess of the amounts received by the commonwealth for registration fees for such providers of health care under said chapter one hundred and twelve, less the amount expended for expenses and compensation of the respective boards of registra-

tion of said providers of health care under said chapter one hundred and twelve.

Added by St.1975, c. 362, § 5.