GAIL HANLEY vs. M. L. POLANZAK & another.[1]

Plymouth.    May 16, 1979 — August 16, 1979.

Present: HALE, C.J., DREBEN, & KASS, JJ.

*Medical Malpractice. Negligence*, Medical malpractice. *Notice. Words, "Shall."*

The thirty-day period within which a plaintiff may post a bond after an adverse decision by a medical malpractice tribunal convened pursuant to G. L. c. 231, § 60B, begins to run when the tribunal's decision has been docketed and notice of it has been·sent to the plaintiff. [272-275]

CIVIL ACTION commenced in the District Court of Brockton on September 3, 1976.

On removal of the case to the Superior Court a motion to dismiss was heard by *Brown*, J., a District Court judge sitting under statutory authority, and a question of law was reported by him.

*Wilson D. Rogers, Jr. (Charles J. Dunn* with him) for M. L. Polanzak.

*George N. Asack* for the plaintiff.

HALE, C.J. This medical malpractice case comes to us from the Superior Court on an interlocutory report under Mass.R.Civ.P. 64, 365 Mass. 831 (1974), of a question[2] following the judge's conditional allowance of a motion to dismiss. The report is accompanied by a statement of

---

[1] Cardinal Cushing General Hospital (Cushing).

[2] The question reported reads as follows: "The issue in this regard is whether or not the dismissal of this action is mandatory in accordance with the provisions of General Laws chapter 231, Section 60B, notwithstanding the fact that no written notification was forwarded to either the plaintiff or the defendant of the action of the tribunal and decision thereof entered on the court docket on March 29, 1977."

agreed facts. The issue presented for our consideration is whether the plaintiff's failure to post a bond within thirty days of an adverse decision by a medical malpractice tribunal convened pursuant to G. L. c. 231, § 60B, inserted by St. 1975, c. 362, § 5,[3] made mandatory the dismissal of her action even though no notice of the decision had been given to the parties.

The plaintiff instituted this action in a District Court on September 3, 1976. The action was transferred to the Superior Court on October 25, 1976, following the motion of Polanzak (whom we shall hereinafter refer to as if he were the sole defendant) to remove, which was filed with his answer. Cushing filed an answer on December 30, 1976. Because it made a claim based on malpractice against providers of health care, the action was referred to a tribunal pursuant to § 60B. The tribunal held a hearing on the case on March 22, 1977, and took the matter

---

[3] General Laws c. 231, § 60B, as so inserted, reads, in pertinent part: "Every action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine in the commonwealth under the provisions of section two of chapter one hundred and twelve and an attorney authorized to practice law in the commonwealth, at which hearing the plaintiff shall present an offer of proof and said tribunal shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result .... Each such action for malpractice shall be heard by said tribunal within fifteen days after the defendant's answer has been filed....

"If a finding is made for the defendant the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of two thousand dollars secured by cash or its equivalent with the clerk of the court in which the case is pending, payable to the defendant for costs assessed, including witness and experts fees and attorneys fees if the plaintiff does not prevail in the final judgment. Said single justice may, within his discretion, increase the amount of the bond required to be filed. *If said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed.* Upon motion filed by the plaintiff, and a determination by the court that the plaintiff is indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof" (emphasis supplied).

under advisement.[4] In its decision docketed on March 29, 1977, the tribunal found that the plaintiff had not submitted evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry and that the plaintiff's injury was "merely an unfortunate medical result." Under the statute the plaintiff could pursue her claim in the Superior Court only upon the filing of $2,000 bonds within thirty days of the decision.[5] None of the parties was notified by the clerk that a decision had been filed. The plaintiff's counsel first became aware of the decision when served on May 16, 1977, with the defendant's motion to dismiss the action for failure to post a bond within the thirty-day period. On May 20 a judge allowed the defendant's motion unless the plaintiff should post the bond within seven days. The plaintiff posted a $2,000 bond on May 27, 1977, fifty-nine days after the decision was filed. Following a hearing on the defendant's motion for rehearing on his motion to dismiss, the above stated issue was reported here.

General Laws c. 231, § 60B, is explicit on the point that "[i]f said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed." See *Austin* v. *Boston Univ. Hosp.*, 372 Mass. 654, 661 (1977). While "shall" is usually interpreted as a mandatory and imperative word[6] it has occasionally been construed as being discretionary in nature.[7] We note, however, that

[4] This hearing was held later than the statutorily specified fifteen days after the filing of the answers to the complaint. No issue is made of the possible effect of the delay, and we do not address it.

[5] In its decision the tribunal required Hanley to post "bonds" of $2,000 "each," payable to the defendants. No issue is before us concerning Hanley's action against Cushing.

[6] See *McCarty* v. *Boyden*, 275 Mass. 91, 93 (1931); *Opinion of the Justices*, 300 Mass. 591, 593 (1938); *Elmer* v. *Commissioner of Ins.*, 304 Mass. 194, 196 (1939); *Wind Innersole & Counter Co.* v. *Geilich*, 317 Mass. 327, 329 (1944); *Johnson* v. *District Attorney for the No. Dist.*, 342 Mass. 212, 215 (1961); *Clark* v. *Water & Sewer Commrs. of Norwood*, 353 Mass. 708, 710 (1968).

[7] *Swift* v. *Registrars of Voters of Quincy*, 281 Mass. 271, 276 (1932).

in § 60B the Legislature used the word "may" in the sentences appearing immediately before and after the governing sentence in this case. Those two sentences provided for a discretionary increase or decrease in the amount of the bond. It thus seems clear that the Legislature intended that "shall" be construed in its imperative sense. It was so construed in *Austin* v. *Boston Univ. Hosp.*, 372 Mass. at 661, and we do likewise. The question which remains to be resolved is at what point in the process the Legislature intended the thirty-day period to start. We conclude that it intended that point to be reached when the tribunal's decision is docketed and notice of the decision is sent to the plaintiff.

Section 60B was enacted as part of a legislative package intended to avert an impending crisis in the area of medical malpractice insurance. *Salem Orthopedic Surgeons, Inc.* v. *Quinn*, 377 Mass. 514, 517 (1979). See the emergency preamble to St. 1975, c. 362. The Legislature aimed to guarantee the continued availability and to stabilize the cost of medical malpractice insurance by providing for a tribunal to screen all malpractice actions and by requiring a bond secured by cash or its equivalent for the further litigation of those claims found by the tribunal to lack merit. See *Aker* v. *Pearson*, 7 Mass. App. Ct. 552, 555 (1979). This procedure was intended "to discourage frivolous claims whose defense would tend to increase premium charges for medical malpractice insurance" (*Austin* v. *Boston Univ. Hosp.*, 372 Mass. at 655 n.4; *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 651 [1977]; *Little* v. *Rosenthal*, 376 Mass. 573, 577 [1978]; *Aker* v. *Pearson*, 7 Mass. App. Ct. at 555), and to insure that the costs incurred by malpractice insurers in the defense of meritless

*Commissioner of Banks* v. *McKnight*, 281 Mass. 467, 472-473 (1933). *Murray* v. *Edes Mfg. Co.*, 305 Mass. 311, 313-316 (1940). *Home Owners' Loan Corp.* v. *Sweeney*, 309 Mass. 26, 29 (1941). *Boston* v. *Quincy Mkt. Cold Storage & Warehouse Co.*, 312 Mass. 638, 644-647 (1942). *McLaughlin* v. *Rockland Zoning Bd. of Appeals*, 351 Mass. 678, 681-682 (1967).

claims [8] would be at least partially defrayed by the amount of a cash bond. The Legislature did not intend that the procedures of § 60B should unreasonably obstruct the prosecution of meritorious malpractice claims or that they should eliminate any substantive right of injured persons to sue for damages. *Paro* v. *Longwood Hosp.*, 373 Mass. at 652-655. Cf. *Damaskos* v. *Board of Appeal of Boston*, 359 Mass. 55, 60-64 (1971).

The thirty-day time period for the posting of a bond suggests a legislative intent "to promote method, system and uniformity in the modes of proceeding" (*Swift* v. *Registrars of Voters of Quincy*, 281 Mass. 271, 276 [1932], quoting from *Torrey* v. *Millbury*, 21 Pick. 64, 67 [1839]). A decision of which the plaintiff had no notice and the effect of which is to defeat an action in its entirety does not comport with the legislative scheme.

The clerk has a duty to notify the parties of the entry on the docket of the findings and order of the tribunal. Mass.R.Civ.P. 77(d), 365 Mass. 838 (1974).[9] When a plaintiff has received notice from the clerk of the adverse decision of the tribunal and fails to post the bond within the thirty-day period, we think it clear that the Legislature intended that the action should be dismissed. *Austin* v. *Boston Univ. Hosp.*, *supra* at 661. It is inconceivable that the Legislature intended that a failure to post a bond within thirty days of the tribunal's decision would require dismissal of an action where (as here) no notice of the decision was sent to the plaintiff. We consider that to hold otherwise would be contrary to the Legislature's intention not unduly to impair a plaintiff's right to sue.

---

[8] That is, those claims found by the tribunal to be insufficient to raise a legitimate question appropriate for judicial inquiry and which the plaintiff, after posting a bond, loses at trial.

[9] Rule 77(d) requires the clerk of court to send parties notice of the entry of "an order or judgment" of the court. It applies with equal force, however, to the docketing of the tribunal's findings and order, for the tribunal is an arm of the court whose action can affect the rights of parties as much as the action of a judge acting alone.

Hanley *v.* Polanzak.

*Paro* v. *Longwood Hospital*, 373 Mass. at 654-655. More-over, it would be manifestly unjust to punish the plaintiff for her reliance on the clerk to perform his legal duty.[10] See *Home Owners' Loan Corp.* v. *Sweeney*, 309 Mass. 26, 29 (1941); *Bogdanowicz* v. *Director of the Div. of Employment Security*, 341 Mass. 331, 332 (1960); *Cohen* v. *Board of Registration in Pharmacy*, 347 Mass. 96, 99 (1964)..

We answer the reported question by stating that the thirty-day period in G. L. c. 231, § 60B, begins to run when the tribunal's decision has been docketed and notice of it has been sent to the plaintiff.[11] As the period thus measured had not run, the judge's order is affirmed.

*So ordered.*

---

[10] A daily check of the docket would have disclosed the fact that a decision had been filed and that the thirty-day period in which to post a bond had started to run, but Hanley was not remiss in awaiting notice of the decision from the clerk in apparent reliance on Mass.R. Civ.P. 77(d). Compare *Expeditions Unlimited Aquatic Enterprises, Inc.* v. *Smithsonian Inst.*, 500 F.2d 808, 809 (D.C. Cir. 1974); *Braden* v. *University of Pittsburgh*, 552 F.2d 948, 952-953 (3d Cir. 1977). Contrast *In re Morrow*, 502 F.2d 520, 522-523 (5th Cir. 1974).

[11] We leave for another day any expansion of this decision when we are presented a factual situation such as one where the notice has been sent but has not been received by the plaintiff.