**Robert W. BEANE, plaintiff**
**vs.**
**PLYMOUTH-HOME**
**NATIONAL BANK et al.,**
**defendants**

**No. 133108**

Superior Court
Commonwealth of Massachusetts

**November 24, 1981**

**Frederick T. Golder,** counsel for plaintiff
**Stephen Perlman, Robert W. Cornell,**
counsel for defendant

### RULING, ORDER AND MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTION FOR JUDGMENT ON COUNT II

**Introduction**

In Count II of his complaint the plaintiff claims that the defendants' purportedly wrongful termination of his employment "on account of his physical handicap, i.e., alcoholism" on May 12, 1978 was in violation of the Massachusetts Civil Rights Act, G.L.c. 12, sections 11H and I. The defendants have brought the above referred-to motion "for the reason that it fails to state a claim upon which relief can be granted inasmuch as the statute referred-to as giving rise to cause of action did not become effective until after May 16, 1978..."

**Facts**

Beane became employed by the defendant Plymouth Home National Bank in 1954. His complaint alleges that in 1976, when he was employed as an Assistant Vice President in the Bank's loan department, he began to drink alcoholic beverages compulsively. Beane then purportedly informed his supervisor, the defendant Linderman, that he had this problem and was seeking help through Alcoholics Anonymous. In November, 1976, Beane entered the Beech Hill Center for the Rehabilitation of Alcoholism in Dublin, New Hampshire for nineteen days. Following his return to work Beane claims that he was discriminated against and in March, 1977, he was placed on six months probation. In June, 1977 Beane claims that he was "overlooked" for a salary increase. In September, 1977, Beane experienced "delayed withdrawal symptoms," and was admitted to the Mount Pleasant Hospital in Lynn, Massachusetts, for an undisclosed period. Shortly after his return to work, Beane's title was changed to Assistant Credit Manager and his salary was reduced from $18,000 to $16,000 per year.

On May 15, 1978, the Bank terminated Beane's employment, according to it "on account of his absenteeism, overall poor work performance and explicit statement to the defendant Linderman that he was drinking again..." (the defendants' answer, paragraph 14). Beane then filed a complaint with the United States Department of Labor and the Department closed the file "administratively" on November 13, 1980. Thereafter Beane brought this action in this court.

## RULING OF LAW AND MEMORANDUM OF DECISION

G.L.c. 12, section 11I, provides in relevant part that "Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with...may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief...including the award of compensatory money damages." This section was approved on November 16, 1979, St. 1979, c. 801, after the defendants' purported discriminatory activity occurred. The issue, therefore, is whether section 11I can be allowed to have retroactive effect.[1]

It is well-established that statutes are construed to have only prospective effect unless a contrary legislative intent is clearly shown. Nantucket Conservation Foundation, Inc. v. Russell Management, Inc., Mass. Adv. Sh. (1980) 781, 783. That rule is more emphatically applied where a statute creates a right of action, rather than merely establishing or altering available remedies and procedures. Austin v. Boston University Hospital, 372 Mass. 654, 657 (1977). Any uncertainty must typically be resolved against retroactive application of the statute. Id. at 658. The issue, then, is whether section 11I creates a new right of action or merely a new remedy for a preexisting right. In other words, could Beane have recovered against the Bank for its alleged violation of his rights and prior to the enactment of section 11I.?

In Count I of his complaint, Beane claims a violation of G.L.c. 149, section 24K. Inserted by St. 1972, c. 532, this section provides: "Whoever, personally or by an agent, shall dismiss from employment or refuse to hire, solely because of his handicap, any rehabilitated handicapped person who possesses the physical and mental capacity to perform the functions required by said employment shall be punished by a fine of not less than twenty-five nor more than two hundred dollars." Chapter 149 concerns a number of employment-related matters; section 2 gives all rights of enforcement under that chapter to the

---

1. This section has been cited in few appellate decisions so far. In the two cases where retroactivity might have posed a problem, the issue was not reached. Foley v. Polaroid Corporation, Mass. Adv. Sh. (1980) 2113, Sutter v. Pitts, 639 F.2d 842 (1st Cir. 1981).

Department of Labor and Industries, except as otherwise specifically provided. Section 24K is silent as to enforcement and has not been construed. Nowhere in c. 149 is an express civil remedy provided for its violation and there is no basis for implying one. See, **Johnson v. United States Steel Corp.**, 348 Mass. 168 (1964), holding that plaintiff had no civil remedy for alleged age discrimination under c. 149, section 24A. In this action, as in **Johnson**, the defendant's duty not to discriminate was a creature of statute; section 24A is the only basis for holding the Bank liable, and the statute provides no right of action to Beane.

The general employment discrimination statute in Massachusetts is G.L.c. 151B. Its section 9 permits aggrieved persons to bring civil actions after they have filed complaints with the Massachusetts Commission Against Discrimination, but only for practices made unlawful by c. 151B or otherwise within the jurisdiction of the Commission. That chapter, however, contains no reference to handicapped persons now, nor has it at any time relevant to this action, and G.L.c. 149, section 24K, is not within jurisdiction of the Commission. Beane therefore had no right of action under chapter 151B.

Beane does not allege any violation of his federal civil rights; therefore I have not considered whether he could have pursued any federal civil rights remedy. This court has been unable to find any grounds upon which Beane could have maintained a right of action against the Bank prior to the enactment of section 11I. The section is therefore not merely remedial in nature, but in fact creates a broad right of action which should not be considered as retrospective in its scope.

### ORDER

For the reasons set out above, the defendant's motion is ordered allowed.

**Paul G. Garrity**
**Justice of the Superior Court**