Garsh, J.
Defendant Barbara Herbert, M.D. moves, pursuant to G.L.c. 231, §60B, for an order allowing her to recover the statutory bond filed in this medical malpractice action.[3] For the reasons discussed below, the defendant’s motion for recovery of the bond is ALLOWED.
BACKGROUND
Plaintiff Bruce Skellinger (“Skellinger”) filed this malpractice action on July 16, 1998, alleging that the defendant, Barbara Herbert, .M.D. (“Herbert”), was negligent in the treatment and care of his daughter, decedent Joye Skellinger. On January 12, 2000, a medical malpractice tribunal, convened pursuant to G.L. 231, §60B, found in favor of Herbert, concluding that the plaintiffs offer of proof was insufficient to raise a legitimate question of liability appropriate for judicial inquiry. On April 28, 2000, Skellinger posted a $6,000 bond in order to proceed with this action.
In the course of discovery, the defendants identified five experts who would testify in support of Herbert. F oil owing the close of discovery, on February 22, 2001, the plaintiff notified his counsel that he no longer wished to proceed with this action. Accordingly, Skellinger, Herbert and St. Luke’s Hospital filed a Voluntary Stipulation of Dismissal with Prejudice pursuant to Mass.R.Civ.P. 41 (a)(1)(ii). The stipulation, which expressly reserves the defendants’ right to seek recovery of the bond, states that, “(t)his stipulation was not the result of a monetary settlement by the parties.”
As of March 1, 2001, the law firm of Anderson, Adler, Cohen & Harvey had billed attorneys fees well in excess of six thousand dollars for Herbert’s defense, and Herbert’s insurance carrier incurred additional expenses to have experts review the case in preparation for trial.
DISCUSSION
In establishing the mechanism of a screening tribunal for medical malpractice cases, the Legislature sought to discourage frivolous malpractice claims and thereby contain the rising cost of medical malpractice insurance. Carter v. Bowie, 432 Mass. 563, 566-67 (2000). To this end, General Laws Chapter 231, Section 60B states in relevant part:
If a finding is made for the defendant or defendants in the case [by the tribunal] the plaintiff may pursue the claim through the usual judicial process only upon filing a bond in the amount of six thousand dollars in the aggregate secured by cash or its equivalent with the clerk of the court in which the case is pending, payable to the defendant or defendants in the case for costs assessed, including witness and experts fees and attorneys fees if the plaintiff does not prevail in the final judgment.
The bond required by Section 60B is modest in comparison to the actual cost of litigation, and it is the rare case in which a defendant’s costs will not consume the bond. Mood v. Kilgore, 384 Mass. 459, 465 (1987).
In the present case, it is clear that in filing the voluntary stipulation of dismissal, Skellinger did not “prevail,” in other words triumph, in his malpractice action against Herbert. Section 60B does not require, as a prerequisite to recovery on the bond, that a final judgment enter in favor of the defendant, but only that there be a final judgment in which the plaintiff does not prevail. Cf. In re Leading Edge Products, Inc., 121 B.R. 128, 130-31 (D.Mass. 1990), aff'd, 1991 WL 97459 (D.Mass. 1991) (where no cash is exchanged in the context of a settlement and the litigation is voluntarily dismissed, judgment does not enter in favor of either party). Regardless of whether his desire to dismiss the case was prompted by a recognition of the weakness of his claim or some other reason wholly unrelated to the merits, the face of the stipulation reveals the undisputed fact that Skellinger received no money in connection with the dismissal. Cf. Craft v. Kane, 51 Mass.App.Ct. 648, 651 (2001) (concluding that a stipulation of dismissal pursuant to Rule 41 constitutes an order “in the client’s favor” under G.L.c. 221, §50, the attorney’s lien statute, where the client receives a monetary settlement in connection with the dismissal). Moreover, because the dismissal was “with prejudice,” Skellinger is barred from further pursuing the merits of his claim, whatever they may have been. See Bagley v. Moxley, 407 Mass. 633, 637 (1990) (dismissal with prejudice constitutes an adjudication on the merits as fully and completely as if the order had been entered after trial): Tuite & Sons, Inc. v. Shawmut Bank, N.A., 43 Mass.App.Ct. 751, 755 (1997).
Nonetheless, Skellinger contends that the stipulation of dismissal, pursuant to Mass.R.Civ.P. 41(a)(1)(ii), does not constitute a “final judgment” within the meaning of G.L. 231, §60B and thus does *264 not entitle Herbert to recover the bond. Skellinger argues that the statutory term “final judgment” means only those judgments which are entered by the court.[4] Under Massachusetts Rule of Civil Procedure 58(a), as amended, 371 Mass. 908 (1977), a stipulation of dismissal constitutes a final judgment. That rule provides, in relevant part, as follows: “Every judgment shall be set forth on a separate document; but when any party files . . . a . . . stipulation of dismissal pursuant to Rule 41(a)(1), the . . . stipulation . . . shall, upon being filed, constitute the judgment, for all purposes, and no separate document need be prepared.” Because Chapter 231, Section 60B expressly refers to the “final judgment,” the stipulation of dismissal constituted a “final judgment” within the meaning of the medical malpractice bond statute. Cf. Craft v. Kane, 51 Mass.App.Ct. at 652-53 (concluding that a stipulation of dismissal constitutes a “judgment entered or made” within the meaning of the attorney’s lien statute, G.L.c. 221, §50).[5]
There appears to be no basis for Skellinger’s concern that allowing Herbert to recover on the bond will frustrate the pre-trial resolution of medical malpractice claims. The bond is payable to the defendant only if the plaintiff does not prevail in the final judgment. Here the parties agreed in the stipulation of dismissal that the plaintiff received no money in exchange for the dismissal of his claims. A plaintiff who stipulates to dismissal after receiving a monetary settlement is in quite a different situation. Cf. Craft v. Kane, 51 Mass.App.Ct. 648 at 651 (concluding that where funds were paid as part of a settlement that led to the filing of a stipulation of dismissal, the resulting judgment was in the plaintiffs favor). Moreover, in drafting the stipulation of dismissal, parties are free to specify that the dismissal is to be without costs, including recovery of the statutory bond. “The stipulation’s terms . . . bind the parties.” Tuite & Sons, Inc. v. Shawmut Bank, N.A., 43 Mass.App.Ct. at 755. Here, the parties imposed no such limitation; to the contrary, their stipulation expressly reserves the defendants’ right to seek the release of the bond.
Although Skellinger did not prosecute his case all the way to a trial on the merits, he nonetheless put the defendants to the expense of more than a year of trial preparation in connection with a claim that was insufficient to raise a legitimate question of liability appropriate for judicial inquiry. I find that the attorneys fees incurred by Herbert were in excess of six thousand dollars and assess the sum of six thousand dollars as costs payable under the bond.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Herbert’s motion for recovery of the tribunal bond be ALLOWED. It is further ORDERED that Amato A. Deluca and Miriam Weizerbaum as Principals and Western Surety Company, in accordance with the terms of the bond posted (paper number 27), pay the costs in the sum of six thousand dollars ($6,000.00) assessed in this action.

 Counsel for St. Luke’s Hospital represented at oral argument that the hospital does not seek any portion of the bond.

 In support of his interpretation, Skellinger relies upon Black’s Law Dictionary, which defines “judgment” as ”[t]he official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination,” Black’s Law Dictionary 841-42 (6th ed. 1996), and upon Byrnes v. Kirby, 453 F. Supp. 1014, 1019 (D.Mass. 1978). Byrnes is inapposite. That case held that the Section 60B bond requirement is a substantive one which applies to malpractice claims brought in federal court under diversity jurisdiction. In the course of its decision, the court stated that "(slection 60B creates a substantive liability for costs in the amount of the bond required to be filed by a plaintiff who institutes a medical malpractice action, fails to convince the tribunal that there is a legitimate question of liability and then unsuccessfully pursues the claim or claims to final judgment.” The court did not address whether there was any limitation on the type of judgment that would constitute a “final judgment” within the meaning of the statute. Further, the suggestion in a footnote in Hanley v. Polanzak, 8 Mass.App.Ct. 270, 274 n. 8 (1979), to the effect that a defendant recovers on a c. 231, §60B bond only when the plaintiff “loses at trial" does not mandate the conclusion that the defendant does not have a right to recover on the bond when there is a judgment, other than one following a trial, in which the plaintiff does not prevail. The sole question before that court was whether a plaintiffs failure to post a bond within thirty days of an adverse decision by a medical malpractice tribunal requires the dismissal of the action even if no notice of the tribunal’s decision has been given to the parties. Id. at 271. The court was not asked, and did not purport, to rule on the issue presented in the instant action.

 Both the attorney’s lien statute, G.L.c. 221, §50, and the bond statute, G.L.c. 231, §60B, predate the present version of Rule 58.