ROSE BRODIE *vs.* GARDNER PIERCE NURSING AND REST HOME, INC.

Suffolk.    March 18, 1980 — May 1, 1980.

Present: BROWN, DREBEN, & KASS, JJ.

*Medical Malpractice,* Tribunal.  *Negligence,* Nursing home, Medical malpractice.

A count in a complaint alleging the plaintiff was injured by reason of a negligently maintained stairway in the defendant nursing home raised no question of medical care and was, therefore, not within the jurisdiction of a medical malpractice tribunal acting under G. L. c. 231, § 60B, even though a second count in the complaint alleged the nursing home's negligent failure to supervise the plaintiff, thus causing her to slip and fall on the allegedly defective stairway. [641-643]

CIVIL ACTION commenced in the Superior Court Department on October 19, 1978.

A question of law was reported by *Morse,* J.

*John G. Ryan* for the defendant.

*John E. Lecomte* (*Warren Brodie* with him) for the plaintiff.

---

KASS, J. Acting under Mass.R.Civ.P. 64, 365 Mass. 831 (1974), a Superior Court judge reported the following question relating to the jurisdiction of a medical malpractice tribunal acting under G. L. c. 231, § 60B, inserted by St. 1975, c. 362, § 5:

> "Whether a count alleging that a patient resident in a nursing home was caused to slip and fall with resulting injuries as a result of the careless and negligent maintenance of a stairway in the nursing home is appropriate for consideration of a tribunal commenced pursuant to G. L. c. 231, § 60B, in circumstances where a second count alleges that the careless and negligent failure to supervise, attend and care for the plaintiff as a patient caused plaintiff to slip and fall with the same resulting injuries."

The tribunal had determined that the defective stairway issue was not within its jurisdiction.[1] We agree.

We derive the necessary facts from a statement of material facts filed by the parties pursuant to Mass.R.Civ.P. 64 and G. L. c. 231, § 111. In June, 1978, the plaintiff Rose Brodie, an eighty-four year old woman, was a patient at the defendant nursing home, Gardner Pierce Nursing and Rest Home, Inc. (Gardner Pierce). Following an operation to remove a cataract in her right eye, Brodie was assigned to the fifth floor within Gardner Pierce, where Level Three care was administered. This care afforded a higher degree of supervision than Brodie had previously required and was indicated by the impairment of vision she had suffered after surgery. On July 1, while alone and unattended, Brodie "had somehow gotten from the fifth floor . . . to the basement." While walking upstairs to the first floor, she slipped, fell and injured herself, and has, as a result, incurred large medical and hospital bills.

---

[1] The tribunal did consider the question whether the defendant had cared for the plaintiff negligently.

General Laws c. 231, § 60B, requires that "[e]very action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal" consisting of a Superior Court judge, a representative of the health care industry and an attorney. It is the duty of the tribunal first to determine whether the plaintiff's evidence "if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the . . . case is merely an unfortunate medical result." If the tribunal finds for the defendant, the plaintiff may pursue the claim through the usual judicial process only upon filing a bond. G. L. c. 231, § 60B. See *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 647-648 (1977).

While the statute does not textually define an "action for malpractice, error or mistake," the outlines of a definition have begun to be drawn by decisional law. The purpose of § 60B, as stated in the preamble to St. 1975, c. 362, which established the tribunal, was "to guarantee the continued availability of medical malpractice insurance." It was also the Legislature's purpose to make malpractice insurance available at more reasonable premiums since escalating premiums would inevitably have an impact on the cost of medical services to consumers. *Aker* v. *Pearson*, 7 Mass. App. Ct. 552, 555 (1979). *Paro* v. *Longwood Hosp.*, *supra* at 647. As a means to those ends, the statute is designed "to discourage frivolous claims whose defense would tend to increase premium charges for medical malpractice insurance." *Austin* v. *Boston Univ. Hosp.*, 372 Mass. 654, 655 n.4 (1977). Therefore, "the scope of the coverage normally available under a malpractice insurance policy may provide some guidance in determining the intended meaning of the words 'malpractice, error or mistake.'" *Ibid.*

It has been held that injuries caused by defective hospital property are within malpractice insurance policies covering injuries due to mistake, error or negligence. *Burns* v. *American Cas. Co.*, 127 Cal. App. 2d 198, 205 (1954). See also 11 Couch, Insurance § 44:360 (2d ed. 1963); 1 Louisell & Williams, Medical Malpractice par. 4.09 (1977). To con-

clude from this, however, that count one of the complaint (based on negligent maintenance of the stairway) is properly within the tribunal's jurisdiction is to ignore the teaching of *Little* v. *Rosenthal*, 376 Mass. 573, 577 (1978), that only "treatment-related claims" are to be referred to a malpractice tribunal.

The defendant argues that the very use of the premises by patients constitutes a part of their treatment. However, the focus of the tribunal's inquiry is limited to evaluation of only the "medical aspects" of claims. *Salem Orthopedic Surgeons, Inc.* v. *Quinn*, 377 Mass. 514, 521 (1979). *Kapp* v. *Ballantine*, 380 Mass. 186, 192 n.6 (1980). This focus of § 60B is evident from the statute itself, which requires that one member of the tribunal be a physician or, when the defendant is not himself a physician, a representative of the defendant's field of health care. *Salem Orthopedic Surgeons, Inc.* v. *Quinn, supra* at 521.

An action for negligent maintenance of a stairway, a conventional building component, does not raise a question requiring expert medical evaluation, i.e., whether the health provider conformed to appropriate standards of medical care in its care and treatment of patients. See *Salem Orthopedic Surgeons, Inc.* v. *Quinn, supra* at 519, 521; *McMahon* v. *Glixman*, 379 Mass. 60, 68 (1979). In *Salem Orthopedic Surgeons, Inc.* v. *Quinn, supra* at 517-518, the court held that an action for breach of contract to produce a medical result is within the jurisdiction of a § 60B tribunal. In so doing, the court acknowledged the policy reasons behind its decision, to implement the legislative purpose of discouraging frivolous claims, *id.* at 520, but specifically limited the issue before the tribunal to whether the medical result obtained is consistent with the medical result allegedly promised by the health care provider. *Id.* at 520-521. No such medical question is involved in count one of Brodie's complaint.

To be sure, inclusion of count 1 in the tribunal's jurisdiction would suit one purpose of § 60B, that is, to weed out frivolous claims against health care providers. "Carried to its logical conclusion, however, [this] argument would turn

the tribunal procedure into a miniature trial of all issues . . . [and] we cannot believe that the Legislature envisaged so broad a role for the tribunal." *McMahon* v. *Glixman, supra* at 68-69.

On the question reported, therefore, we answer that the count in the complaint alleging injury by reason of a negligently maintained stairway in the defendant nursing home, as it raises no question of medical care, is not appropriate for consideration by a medical malpractice tribunal, even in circumstances where a second count alleges a negligent failure to supervise a patient, thus causing her to slip and fall on the allegedly defective stairway.

The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*