Agnes, Peter W., J.
INTRODUCTION
Defendant, RajendraV. Kanzaria, M.D. (“Dr. Kanzaria”), has filed a motion to strike the plaintiffs surety bond that was posted following a medical malpractice tribunal. The defendant’s motion asks the court to strike the plaintiffs surety bond because it is not a bond in the amount of six thousand dollars “secured by cash or its equivalent,” as required by G.L.c. 231, §60B.[2] For the reasons set forth below, the defendant’s motion to strike plaintiffs surety bond is ALLOWED.
BACKGROUND
Plaintiff Stephen Jarvis, Jr., as administrator of the estate of Stephen Jarvis, Sr., brought an action for medical malpractice and wrongful death against defendant physicians, hospital and healthcare providers. The instant action was filed on January 11, 2005. On October 28, 2005, a Medical Malpractice Tribunal (‘Tribunal”) was convened whereby plaintiffs presented an offer of proof as against defendant Dr. Kanzaria. The Tribunal found plaintiffs offer of proof against Dr. Kanzaria to be insufficient. Pursuant to G.L.c. 231, §60B, plaintiff was required to post a bond in the amount of six thousand dollars ($6,000) in “cash or its equivalent.”[3] On November 22, 2005, in order to pursue the claim against Dr. Kanzaria, plaintiff submitted a surety bond to the court.[4] On May 2, 2006 the instant motion to strike plaintiffs surety bond was filed with the court.
DISCUSSION
G.L.c. 231, §60B is designed “to discourage frivolous claims whose defense would tend to increase premium charges for medical malpractice insurance.” Brodie v. Gardner Pierce Nursing and Rest Home, Inc., 9 Mass.App.Ct. 639, 641 (1980). The requirement of the bond is “to insure that the costs incurred by malpractice insurers in the defense of meritless claims would be at least partially defrayed by the amount of a cash bond.” Hanley v. Polarvzak, 8 Mass.App.Ct. 270, 273-74 (1979). “(T]he imposition of a bond requirement on defendants might also eliminate unnecessary litigation.” Paro v. Longwood Hospital, 373 Mass. 645, 651 (1977).
G.L.c. 231, §60B states, “the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of six thousand dollars in the aggregate secured by cash or its equivalent." (Emphasis added.) “The words of a statute are the main source for the ascertainment of legislative purpose, and when the text of a statute is clear and unambiguous, it must be construed in accordance with its plain meaning.” Commonwealth v. Ray, 435 Mass. 249, 252 (2001). The Supreme Judicial Court, in construing the words “equivalent amount” as it related to a surety bond in the context of bail, stated “equivalent amount” meant “an amount equal in effect.” Id. at 258.[5]
If a plaintiff does not prevail at trial, the bond is payable to the defendant for “costs assessed, including witness and experts fees and attorneys fees.” G.L.c. 231, §60B. If the plaintiff does not prevail, it is possible that Dr. Kanzaria will have to bring a separate suit against the surety to recover the six thousand dollars. A plain reading of the language in the surety bond indicates that a suit would be necessary in order to recover. (Defendant, Exhibit B, ¶8.)[6] Therefore, the surety would not have the same effect as “cash or its equivalent.”
ORDER
For the foregoing reasons, defendant’s motion to strike plaintiffs bond is ALLOWED.

G.L.c. 231, §60B governs medical malpractice claims.

G.L.c. 231, §60B, reads in pertinent part, “If a finding is made for the defendant or defendants in the case the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of six thousand dollars in the aggregate secured by cash or its equivalent with the clerk of the court in which the case is pending, payable to the defendant or defendants in the case for costs assessed, including witness and experts fees and attorneys fees if the plaintiff does not prevail in the final judgment.”

The proposed bond identifies the wrong defendant as the obligee or beneficial party. The plaintiff maintains that this defect could easily be corrected. The court agrees and does not find that the matter turns on that problem.

In Commonwealth v. Ray, 435 Mass. 249 (2001), the Court held that a surety bond set at ten times the amount of cash bail was equal to the amount of cash bail. The plaintiff relies on several orders by judges of the Supenor Court in years past which decline to award the relief requested by the defendant. These orders are not accompanied by any reasons and are not therefore even persuasive authority to support the plaintiffs position.

“NOW, THEREFORE, the condition of this obligation is such that if the said Principal [Plaintiffs] shall litigate this *522 prosecution with effect and shall pay all costs if judgment is entered in favor of the Obligee, [Defendant] then this obligation shall be null and void: otherwise, to remain in full force and effect.”