KATHLEEN M. VASA, individually and as executrix,[1] vs.
COMPASS MEDICAL, P.C., & others.[2]

Plymouth. December 8, 2009. - March 2, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Medical Malpractice,* Tribunal. *Negligence,* Doctor, Medical malpractice,
Duty to warn.

In a civil action arising from a claim that the defendant health care providers
failed to warn a patient about the effects of medical treatment, leading to
the death of the plaintiff's spouse when the patient lost control of her
motor vehicle, a Superior Court judge properly allowed the defendants'
request for a hearing by a medical malpractice tribunal, pursuant to G. L.
c. 231, § 60B, where the plaintiff's claim was not one of simple negligence
that was exempt from the statute but, rather, was based on a treatment-
related medical activity involving a medical judgment by a physician, and
was thus within the competence of a medical malpractice tribunal [177-
179, 180-181]; and where the third-party nature of plaintiff's claim did not
remove it from the scope of the statute, given the absence of any language
in the statute limiting its coverage to suits brought by recipients of medical
treatment [179-180].

CIVIL ACTION commenced in the Superior Court Department on
October 26, 2007.

A pretrial motion for a medical malpractice tribunal was
heard by *Charles J. Hely,* J.

A proceeding for interlocutory review was heard in the
Appeals Court by *Fernande R.V. Duffly,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Brad W. Greenberg* (*Lisa Smyth* with him) for the plaintiff.

*Joan Eldridge* for the defendants.

*John J. Barter,* for Professional Liability Foundation, Ltd.,
amicus curiae, submitted a brief.

COWIN, J. We consider the issue whether a claim that a health

---

[1]Of the estate of Mark A. Vasa.

[2]George Clairmont, Ersan Yalcin, Jonathan Ellis, and Michelle Beaupre.

care provider caused injury to a third party by failing to warn a patient about the effects of medical treatment must be presented to a medical malpractice tribunal (malpractice tribunal). See G. L. c. 231, § 60B.[3] We affirm a Superior Court judge's ruling that such claims are subject to the medical malpractice tribunal statute.

1. *Facts and procedural background.* Because the plaintiff appeals from an interlocutory order to convene a malpractice tribunal, the Superior Court has not yet made findings of fact. Thus, we summarize the facts alleged in the plaintiff's complaint. Beginning in March, 2003, the four defendant physicians treated Jane Berghold for dizziness and lightheadedness. She experienced these symptoms up to four times daily, including while driving. She suffered also from diabetes, stroke with lingering congestive heart failure, and hypertension. The four defendant physicians prescribed her various medications and modified the prescriptions she received from other physicians. On October 15, 2007, Berghold lost control of her motor vehicle and drove into the Brockton Hospital building, crushing to death Mark Vasa, an employee of Brockton Hospital.

Vasa's widow, acting individually and as executrix of Vasa's estate, sued Berghold in the Superior Court, eventually settling those claims. The plaintiff then amended her complaint to add Compass Medical, P.C. (Compass), and Compass's employees, the four treating physicians, as defendants.

The amended complaint alleges that the defendants knew or should have known that the medications they prescribed, alone or in conjunction with Berghold's age and existing illnesses, were likely to impair her physical and mental abilities to operate a motor vehicle safely. Additionally, the amended complaint alleges that the defendants committed a breach of their duty to Berghold and the public by failing to advise Berghold not to drive. The complaint also contains claims for wrongful death and punitive damages.

The defendants answered the complaint and requested that a malpractice tribunal be convened. See G. L. c. 231, § 60B.

---

[3]General Laws c. 231, § 60B, provides, in pertinent part, that "[e]very action for malpractice, error or mistake against a health care provider shall be heard by a tribunal . . . [to] determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry . . . ."

After initially denying the request, a judge in the Superior Court reconsidered his earlier ruling and allowed the defendants' request for a malpractice tribunal. The plaintiff petitioned for interlocutory review, see G. L. c. 231, § 118, and a single justice of the Appeals Court allowed the petition. We transferred the appeal to this court on our own motion.

2. *Discussion.* The plaintiff contends that her claims are not subject to the malpractice tribunal requirement because the claims are based on "simple negligence" rather than "medical malpractice." The plaintiff argues further that the medical malpractice tribunal statute is inapplicable absent a doctor-patient relationship between the plaintiff and defendant. We conclude that, because the claims are related to the medical treatment the defendants provided to Berghold, they are subject to the malpractice tribunal requirement of G. L. c. 231, § 60B.

Although the medical malpractice tribunal statute does not define an "action for malpractice, error or mistake," see G. L. c. 231, § 60B, our case law has defined the phrase broadly to encompass "all treatment-related claims." *Little* v. *Rosenthal*, 376 Mass. 573, 576 (1978). Under this interpretation, the statute is not limited to cases alleging that a health care provider's treatment fell below the required standard of care. See *Lubanes* v. *George*, 386 Mass. 320, 325 (1982) (performing surgery without consent is treatment-related and subject to G. L. c. 231, § 60B); *Salem Orthopedic Surgeons, Inc.* v. *Quinn*, 377 Mass. 514, 517-518 (1979) (action for breach of contract to produce specific medical result is subject to G. L. c. 231, § 60B).[4]

We have held that a claim that a physician failed to warn a patient of the risks associated with a course of medical treatment falls within the medical malpractice tribunal statute. See *Harnish* v. *Children's Hosp. Med. Ctr.*, 387 Mass. 152, 154-155 (1982). Doctors have a duty to inform patients of available options for

---

[4]In contrast, claims that involve health care providers' nonmedical activities are not subject to the requirements of G. L. c. 231, § 60B. See *Leininger* v. *Franklin Med. Ctr.*, 404 Mass. 245, 248 (1989) (claim that doctors did not follow requirements of commitment statute not subject to G. L. c. 231, § 60B, because it does not involve physicians' medical judgment); *Segal* v. *First Psychiatric Planners, Inc.*, 68 Mass. App. Ct. 709, 713 (2007) (claim that hospital misled patient about terms of admission not subject to G. L. c. 231, § 60B).

medical treatment and the material risks that each option entails. See *id.* This duty ensures that patients can make informed decisions regarding their health care. See *id.* at 155. Providing such information is not related to whether the treatment itself is performed competently, but it is a treatment-related medical activity. Similarly, warning patients of symptoms that they are reasonably likely to experience as a result of medical treatment, and that will render unsafe everyday activities such as driving, is a treatment-related medical activity.

The claims in this case are within the competence of a malpractice tribunal because they involve medical judgment exercised by the defendant physicians. In deciding what warnings to give about the side effects of medical treatment, a physician must consider "the history and needs of [the] patients and the qualities of the [treatment]." See *Cottam* v. *CVS Pharmacy*, 436 Mass. 316, 321 (2002). Thus, a decision regarding what warnings, if any, to provide patients about the side effects of particular drugs involves a medical judgment by a physician.

Subjecting the claims here to a malpractice tribunal is also consistent with the purposes of the medical malpractice tribunal statute, to "ensure the continued availability of medical malpractice insurance at a reasonable cost." *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 647 (1977). The screening process "discourage[s] frivolous claims whose defense would tend to increase [medical malpractice insurance] premium charges." *Austin* v. *Boston Univ. Hosp.*, 372 Mass. 654, 655 n.4 (1977). The malpractice tribunal accomplishes this goal by reviewing "the medical aspects of the claim for the purpose of distinguishing between cases of tortious malpractice and those involving 'merely an unfortunate medical result.' " *Salem Orthopedic Surgeons, Inc.* v. *Quinn, supra* at 521, quoting G. L. c. 231, § 60B. Where medical judgment or competence is at issue, the malpractice tribunal, which includes a health care provider in the defendant's field, see G. L. c. 231, § 60B, possesses expertise to decide whether there is sufficient evidence for the matter to proceed.

The plaintiff contends that *Morgan* v. *Laboratory Corp. of Am.*, 65 Mass. App. Ct. 816 (2006), stands for the proposition that a physician's failure to provide warnings to a patient is "simple negligence" ancillary to the provision of medical care. Thus, she maintains, a claim based on such a failure to warn is

456 Mass. 175 (2010)

Vasa v. Compass Medical, P.C.

beyond the scope of G. L. c. 231, § 60B. This argument is unavailing. In *Morgan* v. *Laboratory Corp. of Am.*, *supra* at 824, the Appeals Court held that an action against a laboratory for failing to communicate to the plaintiff's physician test results indicating a life-threatening condition was not subject to the damages cap applicable to malpractice actions under G. L. c. 231, § 60H. The court did not address the applicability of G. L. c. 231, § 60B, to such an action. Moreover, in that case the reporting responsibility "lay with [an] administrator . . . whose job functions required no special training or skill comparable to that of a physician or other licensed professional." See *id.* at 821-822. Thus, unlike the case here, the error was not one involving medical judgment.

The third-party nature of the plaintiff's claim does not remove it from the scope of G. L. c. 231, § 60B. The medical malpractice tribunal statute contains no language limiting its coverage to suits brought by recipients of medical treatment.[5] Moreover, in *Santos* v. *Kim*, 429 Mass. 130, 133 (1999), we held that a doctor-patient relationship is not a prerequisite to applying G. L. c. 231, § 60B.

In *Santos* v. *Kim*, *supra*, obstetricians treating a pregnant woman were unaware of blood test results revealing a dangerous level of antibodies in the mother's blood until two weeks after the test was conducted. *Id.* at 131. The child died shortly after birth and the parents sued the obstetricians, the obstetrical group, the medical center in which they operated, and the director of the laboratory that conducted the test. *Id.* The plaintiffs argued that because they did not have a doctor-patient relationship with the laboratory director, the medical malpractice tribunal statute did not apply and they could therefore proceed directly in Superior Court. *Id.* at 132. We explained that it is the defendant's status as

---

[5]The plaintiff's reliance on *Champagne* v. *Massachusetts Nurses Ass'n*, 403 Mass. 754 (1989), is misplaced. The plaintiff contends that our decision in that case limited G. L. c. 231, § 60B, to suits brought by recipients of medical treatment. That case does not stand for so broad a proposition. It holds only that G. L. c. 231, § 60B, does not apply to suits brought by health care providers seeking indemnification from another health care provider. See *Champagne* v. *Massachusetts Nurses Ass'n*, *supra* at 755-756. We did not address circumstances such as those present here, where the plaintiff alleges that a health care provider's substandard treatment of a third party violated a duty of care owed to the plaintiff.

a health care provider, not the presence of a doctor-patient relationship, that triggers the statute. *Id.* Focusing on the status of the defendant as a health care provider is consistent with the statute's purpose "that there be expert screening of cases 'which directly implicate the professional judgment or competence of a provider.' " *Id.* at 133-134, quoting *Lambley* v. *Kameny*, 43 Mass. App. Ct. 277, 282 (1997).

We conclude that the reasoning expressed in *Santos* v. *Kim*, *supra* at 132-134, applies equally to a case where a third party sues a medical provider over an injury caused by the provider's treatment of a patient. The identity of the plaintiff does not affect whether the defendant's medical judgment is at issue. It is the subject matter of the claim and the identity of the defendant that determine whether malpractice tribunal screening is required. See *id.* at 133-134. Here, the plaintiff's claims involve the medical treatment the defendants provided to Berghold. Accordingly, the claims are subject to G. L. c. 231, § 60B.

The plaintiff contends that our decision in *Coombes* v. *Florio*, 450 Mass. 182 (2007) (*Coombes*), establishes that claims by a third party alleging that a health care provider failed to warn a patient about the dangers of driving a motor vehicle while taking prescription drugs are simple negligence claims that are exempt from G. L. c. 231, § 60B. *Coombes* does not support this contention. *Coombes* stated that physicians owe a duty of care to third parties to warn patients of the effects of treatment in some circumstances. See *Coombes*, *supra* at 190 (Ireland, J., concurring), 200-201 (Greaney, J., concurring).[6] It did not address whether a claim by a third party that a physician committed a breach of the duty to warn a patient is subject to a malpractice tribunal.[7] The plaintiff relies on Justice Ireland's characteriza-

---

[6]In *Coombes* v. *Florio*, 450 Mass. 182 (2007), a majority of the court agreed that the plaintiff had stated a claim against the defendant physician for injuries that the plaintiff's decedent suffered as a result of the defendant's alleged negligent provision of medical treatment despite the fact that the plaintiff's decedent was not the defendant's patient. See *id.* at 184 (Ireland, J., concurring), 196 (Greaney, J., concurring).

[7]The plaintiff's citation to the South Carolina Supreme Court's decision in *Hardee* v. *Bio-Medical Applications of S.C., Inc.*, 370 S.C. 511 (2006), is unavailing because that decision addresses only whether physicians owe third parties a duty to warn patients of the dangerous effects of treatment. See *id.* at

tion of such third-party claims as based in "ordinary" negligence rather than medical malpractice. See *id.* at 186 (Ireland, J., concurring). Such reliance is unwarranted because, as stated, the language of G. L. c. 231, § 60B, as interpreted by our prior cases, makes clear that the medical malpractice tribunal statute applies broadly to all treatment-related claims. Thus, the plaintiff's claims fall within the scope of G. L. c. 231, § 60B, because they involve medical treatment that the defendants provided.[8]

3. *Conclusion.* Because the plaintiff's claims are related to the defendants' medical treatment of Berghold, the claims are subject to the malpractice tribunal requirement of G. L. c. 231, § 60B. Accordingly, the Superior Court's order convening a malpractice tribunal is affirmed.

*So ordered.*

---

516. Like *Coombes*, the opinion does not address whether such third-party claims are subject to a malpractice tribunal.

[8] The plaintiff's reliance on *Midtown Community Mental Health Ctr.* v. *Estate of Gahl*, 540 N.E.2d 1259 (Ind. Ct. App. 1989), is misplaced. The Indiana court, interpreting an Indiana statute different from the Massachusetts statute, concluded that claims by a third party alleging that a physician failed to warn the third party of a patient's dangerous propensities were not subject to a malpractice tribunal. See *id.* at 1262. That case has no applicability to the Massachusetts statute.