McGuire, Thomas F., J.
The defendant, Caritas Good Samaritan Hospital, has moved to dismiss the complaint of the plaintiff, Robert D. Cook, on grounds that Cook has not filed a bond as required under G.L.c. 231, §60B, following a medical malpractice tribunal’s ruling in favor of the defendant hospital. The plaintiff opposes the motion on grounds that Count XII of his amended complaint, which alleges fraud by the defendant hospital, was not subject to the jurisdiction of the tribunal and therefore remains pending.
On November 30, 2011, the court (Locke, J.) allowed the plaintiffs motion to amend his complaint. The amended complaint added a claim for “fraud and fraudulent concealment” by the defendant hospital and co-defendants. In the additional count, Cook alleged that the codefendants:
committed fraud and fraudulent concealment by omitting material facts in Cook’s health records concerning the nature of Cook’s medical treatment in order to hide errors made in Cook’s treatment and said activity by these parties was designed to hide from Cook the precise nature of the treatment he received so that Cook would not have the knowledge he needed to sue them for their wrongdoings.
First Amended Complaint, par. 75.
G.L.c. 231, §60B provides that “[e]veiy action for malpractice, error or mistake against a provider of health care shall be heard by a [medical malpractice] tribunal ...” The tribunal’s function is to determine “if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability-appropriate for judicial inquiry or whether the plaintiffs case is merely an unfortunate medical result.” If the tribunal finds against the plaintiff, the claim may only proceed if the plaintiff files a $6,000.00 bond payable to the defendant for costs in the event the plaintiff fails to obtain a final judgment.
The issue, therefore, is whether the plaintiffs claim for fraud falls within the scope of the issue considered by the tribunal that found in favor of the defendant hospital. If so, the complaint is subject to dismissal for failure to post a bond. If not, Count XII remains to be adjudicated.
*581 “Although the medical malpractice tribunal statute does not define an ‘action for malpractice, error or mistake,’ see G.L.c. 231, §60B, our case law has defined the phrase broadly to encompass ‘all treatment-related claims.’ ” Vasa v. Compass Medical, P.C., 456 Mass. 175, 177 (2010), quoting Little v. Rosenthal, 376 Mass. 573, 576 (1978). “In contrast, claims that involve health care providers’ nonmedical activities are not subject to the requirements of G.L.c. 231, §60B.” Id. at 177 n.4.
The plaintiffs fraud claim is dependent on the existence of improper medical care. The claim is for fraudulently concealing medical “malpractice, error or mistake.” There can be no recovery for fraud unless someone provided improper medical care. Insofar as the claim seeks recovery for fraudulently concealing improper medical care by the defendant hospital, it would be within the scope of the finding by the tribunal that found in favor of the defendant hospital. However, the allegations in the amended complaint can be read to allege fraudulent concealment of improper medical care provided by the codefendant, Dr. Iacono. That part of the claim would not be within the scope of the finding by the tribunal that ruled in favor of the hospital. It might be dependent on the finding by the tribunal that considers whether Dr. Iacono committed “malpractice, error or mistake” in providing medical treatment, but that hearing has not yet taken place.
Accordingly, the motion of the defendant to dismiss is DENIED.