Gaziano, Frank M., J.
This matter stems from a medical procedure that the defendant, Vincent lacono, M.D. (“lacono”), performed on the plaintiff, Robert D. Cook (“Cook”), on December 2, 2007. Specifically, lacono performed an injection on Cook’s left hip that allegedly caused injury to Cook while Cook was an inpatient at Caritas Good Samaritan Hospital (“Car-itas”), which is also a named defendant. On August 7, 2014, lacono and Cook appeared before a Medical Malpractice Tribunal pursuant to G.L.c. 231, §60B. The Tribunal considered Cook’s offer of proof and rendered a decision favorable to Cook, which allows him to proceed with the litigation.
On September 24, 2014, lacono filed a motion to dismiss, requesting that this court dismiss the majority of the claims against it, arguing that Cook did not present these claims to the Tribunal.[2] Caritas[3] has filed a motion to dismiss similar in nature.[4] This court held a hearing on both motions to dismiss on February 3, 2015.
lacono bases his argument on G.L.c. 231, §60B, the statute governing medical malpractice tribunals, and argues that because Cook did not present these claims to the Tribunal, the claims must be dismissed because Cook has faded to state a claim upon which relief may be granted under Mass.R.Civ.P. 12(b)(6). However, the Tribunal has already found that Cook presented a sufficient offer of proof. Further, G.L.c. 231, §60B does not provide a defendant means to move to dismiss claims based on insufficiency of evidence presented to the tribunal after the tribunal has already rendered a decision favorable to the plaintiff. This court finds that the subject matter is more properly resolved on a motion for summary judgment. Accordingly, the motions to dismiss are DENIED.
ORDER
For the foregoing reasons, it is ORDERED that the Defendant Caritas Good Samaritan Hospital’s Motion to Dismiss, and the Defendant Vincent lacono, M.D.’s Motion to Dismiss Counts III, IV, V, Vin, XI, and XII of Plaintiffs Amended Complaint Pursuant to Mass. Gen. Laws c. 231, §60B, are DENIED.

 Specifically, lacono has moved to dismiss Cook’s claims for battery (III), misrepresentation (IV), negligence (V), breach of contract (VIII), breach of contract or negligence for patient abandonment (XI), and fraud and fraudulent concealment (XII). lacono concedes that Count I, failure to obtain informed consent, was properly presented.

 Caritas and Cook went before a separate Medical Malpractice Tribunal on April 1, 2014. The Tribunal found that Cook’s offer of proof was insufficient and that Cook could not proceed with the case unless he filed a bond. Cook did not file the requisite bond, and Caritas moved to dismiss the case against it. The court denied Caritas’ motion to dismiss, noting that Caritas may still be liable based on a theory of vicarious liability stemming from one of Cook’s claims against lacono [32 Mass. L. Rptr. 580).

 Caritas has moved to dismiss Cook’s claims for medical negligence (VII), breach of contract (X), patient abandonment (XI), and fraud and fraudulent concealment (XII).