LANE vs. WINCHESTER HOSPITAL, 101 Mass. App. Ct. 74

 
 EMILY LANE vs. WINCHESTER HOSPITAL & another. [Note 1]

101 Mass. App. Ct. 74
 February 10, 2022 - May 17, 2022

Court Below: Superior Court, Middlesex County
Present: Meade, Blake, & Neyman, JJ.

 

Medical Malpractice, Complaint, Tribunal, Bond. Negligence, Medical malpractice. Practice, Civil, Offer of proof, Bond.

In a civil action alleging that the defendant hospital was responsible for the plaintiff's severe and life-threatening adverse reaction, as well as her physical injuries, arising from the administration of a dose of medication containing lactose, despite the hospital being aware of the plaintiff's lactose allergy, in treating the plaintiff's severe asthma attack in its emergency room, the gravamen of the complaint sufficiently identified the case as one for medical malpractice, error, or mistake, and not merely ordinary negligence [76-78]; further, the plaintiff waived her right to a medical malpractice tribunal by failing to timely file an offer of proof, and accordingly, this court remanded the matter for a determination whether the plaintiff failed to present sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry and must post the necessary bond to proceed with the action [79-81].

CIVIL ACTION commenced in the Superior Court Department on April 24, 2020.

 A motion for a finding pursuant to G. L. c. 231, § 60B, was heard by Jackie A. Cowin, J.

 Leave to prosecute an interlocutory appeal was allowed in the Appeals Court by Massing, J.

 Tory A. Weigand for Winchester Hospital.

 William P. Doyle, III, for the plaintiff.

 MEADE, J. This interlocutory appeal presents the question whether the underlying civil action was one alleging ordinary negligence or one which claimed medical malpractice against defendant Winchester Hospital (hospital). [Note 2] A Superior Court judge held that this was a case involving allegations of ordinary negligence. We vacate the interlocutory order and remand for further proceedings.

 Page 75 

 1. Background. This matter was initiated by Emily Lane's G. L. c. 231, § 60L, letter to the hospital stating her intention to name the hospital as a defendant in a "negligence action for medical malpractice" arising out of her care at the hospital. After the hospital denied any medical negligence, Lane filed a complaint that alleged a variety of negligence claims based on her medical treatment, and the administration of medication in the hospital's emergency room. After the hospital filed its answer, Lane failed to file an offer of proof in accordance with Rule 73 of the Rules of the Superior Court (2018). As a result, the hospital requested a Superior Court judge to enter a finding pursuant to G. L. c. 231, § 60B, that Lane failed to present sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry.

 Following Lane's opposition, the judge denied the hospital's motion and held that the matter was not subject to the procedures of G. L. c. 231, § 60B. The judge held as follows:

"This action is not for medical malpractice, but ordinary negligence. The claim that the [hospital] should have, but did not, check its own records for [Lane]'s known allergens prior to giving her medication to which she is allergic, raises questions that '[do] not involve professional or technical knowledge for which a jury need[s] expert aid, [but] [r]ather, . . . a commonsense determination regarding the understanding of an ordinary reasonably prudent person.' Cottam v. CVS Pharmacy, 436 Mass. 316, 326 (2002)." [Note 3]

 2. The complaint. As alleged in the complaint, [Note 4] Lane was born in 2001, and she was later diagnosed with "a severe [lactose] allergy." On April 19, 2015, Lane suffered a "severe asthma attack" and was taken by an ambulance to the hospital's emergency room. At the time of Lane's admission, the hospital was aware of her lactose allergy. In the course of her treatment in the emergency room, Lane was administered a dose of "depomedrol dexamethasone solumedrol (40 mg act-o-vial)," which contained, as one of its ingredients, lactose. [Note 5] After she received the medication, Lane stopped breathing on her own, had to be resuscitated, 

 Page 76 

and was deemed in critical condition. Lane alleged that the hospital was responsible for her severe and life-threatening adverse reaction, as well as her physical injuries.

 Lane's complaint set out seven counts against the hospital and its pharmacy as follows: negligence in "reviewing and dispensing medication containing lactose" (count I); negligence in "ordering and administering medication" (count II); negligence in "communicati[ng] with . . .Winchester Hospital Inpatient Pharmacy regarding [a] warning in [Lane's] medical chart that she had a lactose allergy" (count III); breach of the duty of care "not [to] administer a medication it knew or should have known [Lane] was allergic to" (count IV); breach of the standard of care "by ordering and administering a medication containing lactose to [Lane] who had a known lactose allergy" (count V); gross and willful negligence in "failing to properly instruct its employees and to properly check [Lane's] records which showed that [she] ha[d] a dairy allergy" (count VI); and breach of the hospital's "duty not to cause harm" (count VII).

 3. Discussion. a. Medical malpractice. General Laws c. 231, § 60B, governs actions for "malpractice, error or mistake against a provider of health care" and requires that any such action be referred to a medical malpractice tribunal. The breadth of this language shows that the Legislature intended that all "treatment-related" claims be referred to medical malpractice tribunals. Little v. Rosenthal, 376 Mass. 573, 576 (1978). See Vasa v. Compass Med., P.C., 456 Mass. 175, 177 (2010). This is also supported by the legislative history of § 60B, which reveals that "the Legislature declined to restrict the tribunal's jurisdiction to 'every action of tort or breach of contract.'" Little, supra. Instead, the Legislature chose language "which evinces an intent that every case involving medical malpractice be appraised by a § 60B screening tribunal. 'There is no apparent exception.'" Id., quoting Austin v. Boston Univ. Hosp., 372 Mass. 654, 660 (1977). See Bing v. Drexler, 69 Mass. App. Ct. 186, 189 (2007).

 In enacting the statute, the Legislature did not define what constitutes an "action for malpractice, error or mistake." Brodie v. Gardner Pierce Nursing & Rest Home, Inc., 9 Mass. App. Ct. 639, 641 (1980). In light of that, it is appropriate for us to look at what the Legislature was trying to remedy or address when § 60B was enacted. See Hanlon v. Rollins, 286 Mass. 444, 447 (1934) ("statute must be interpreted according to the intent of the Legislature

 Page 77 

 ascertained from all the words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated"). "The purpose of § 60B, as stated in the preamble to St. 1975, c. 362, which established the tribunal, was 'to guarantee the continued availability of medical malpractice insurance.'" Brodie, supra. To achieve that end, the statute was designed "to discourage frivolous claims whose defense would tend to increase premium charges for medical malpractice insurance." Id., quoting Austin, 372 Mass. at 655 n.4. See Paro v. Longwood Hosp., 373 Mass. 645, 647 (1977).

 In addition to the legislative purpose of the tribunal, our case law highlights several factors relevant to whether the complained-of acts are properly viewed as medical malpractice or otherwise. These factors include the following: (1) whether medical or professional judgment or competence was exercised, see Santos v. Kim, 429 Mass. 130, 133-134 (1999); see also Leininger v. Franklin Med. Ctr., 404 Mass. 245, 248 (1989); (2) whether the claim is "treatment-related," even if not a traditional malpractice claim, Lambley v. Kameny, 43 Mass. App. Ct. 277, 282 (1997), quoting Little, 376 Mass. at 576; and (3) whether "the same set of facts supports both" the medical malpractice and allegedly nonmedical claims, Little, supra at 577; Lambley, supra at 281 n.8. An examination of these factors (none of which is conclusive), against the legislative backdrop of § 60B, leads to the conclusion that the judge here improperly resolved the question whether this case was one for medical malpractice or ordinary negligence.

 Here, the gravamen of the complaint sufficiently identified this case as one for medical malpractice, error, or mistake, and not merely ordinary negligence. Lane's claims centered on her arriving at the emergency room suffering from an asthma attack, and the hospital's failure to provide a proper medication to her, which resulted in a severe allergic reaction. More specifically, the hospital was alleged to have deviated from the "standard of care" by administering a medication containing lactose to Lane, who had a lactose allergy known to the hospital. Lane further alleged that the hospital failed to abide by the applicable standard of care in "ordering and administering medication," failing to properly communicate with the hospital pharmacy, and failing to properly instruct staff to check patients' records for allergies.

 Page 78 

 As detailed above, the fabric of Lane's claims was woven with the same common threads of medical judgment related to treatment and care that appear in other medical malpractice cases. Compare Vasa, 456 Mass. at 180-181 (doctors' failure to warn patient about effects of medical treatment involved questions of treatment-related medical activity involving medical judgment); Salem Orthopedic Surgeons, Inc. v. Quinn, 377 Mass. 514, 517-518 (1979) (breach of contract claim alleging failure to produce medical result alleged medical malpractice); Little, 376 Mass. at 575-577 (tribunal properly exercised jurisdiction over complaint that alleged medical care violated G. L. c. 93A as unfair trade practice); Vacca v. Brigham & Women's Hosp., Inc., 98 Mass. App. Ct. 463, 471-472 (2020) (breach of contract claim brought against hospital alleging promise of free care alleged medical malpractice); and Lambley, 43 Mass. App. Ct. at 279-282 (job applicant's defamation and interference with advantageous business relations suit against psychiatrist, who found him unfit for police work, was medical malpractice action); with McMahon v. Glixman, 379 Mass. 60, 67-68 (1979) (whether plaintiff's claim was barred by statute of limitations was not within jurisdiction of tribunal); Koltin v. Beth Israel Deaconess Med. Ctr., 62 Mass. App. Ct. 920, 920-921 (2004) (claims of assault and battery, false imprisonment, and intentional infliction of emotional distress by hospital security guards did not allege medical malpractice); and Flagg v. Scott, 9 Mass. App. Ct. 811, 812 (1980) (whether defendant was person for whose conduct hospital would be responsible was beyond competence of tribunal). Our conclusion that this suit is properly characterized as a medical malpractice action is further buttressed by the fact that Lane initiated the matter with a claim letter sent pursuant to G. L. c. 231, § 60L. See Arsenault v. Bhattacharya, 89 Mass. App. Ct. 804, 805-806 (2016) (§ 60L generally requires medical malpractice claimants to give 182 days' written notice to health care provider of intent to bring any medical malpractice claim). [Note 6]

 Page 79 

 b. Waiver. Lane claims that the hospital waived its right to have her claim reviewed by a medical malpractice tribunal where the hospital failed to request a tribunal within thirty days of the hospital's filing its answer.

 As an initial matter, Lane's waiver claim misses the point, because whether the hospital requested a tribunal is not at issue in this case. Rather, the hospital requested a Superior Court judge to enter a finding pursuant to G. L. c. 231, § 60B, that Lane failed to present sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry due to her failure to file an offer of proof. See Rule 73 (1) (b) of the Rules of the Superior Court. That determination has yet to be made because the judge erroneously viewed the matter as one alleging ordinary negligence.

 Even were we to directly address Lane's argument, which is that Rule 73 (2) (a) & (b) controls the instant circumstances, we would reach the same result. That rule states as follows:

"a. Any party who demands a tribunal under § 60B ('[f]iling [p]arty') shall file a document entitled '[d]emand for [t]ribunal' within [thirty] days of the filing of an answer, after reviewing the offer of proof, if any. The [d]emand for [t]ribunal shall specify each respect, if any, in which the [f]iling [p]arty claims that the offer of proof fails to raise a legitimate question of liability appropriate for judicial inquiry.

"b. Any defendant's failure to file a timely [d]emand for [t]ribunal shall waive that defendant's right to a tribunal."

However, when a claimant fails to provide an offer of proof, which is what occurred here, that specific circumstance is addressed in section 1 of rule 73, not section 2. Section 1 states as follows:

"a. Within [fifteen] days after each defendant's answer has been filed in a case subject to [G. L. c.] 231, § 60B, the plaintiff(s) shall file the offer of proof with the clerk and 

 Page 80 

provide a copy to the defendant(s). The parties may agree to a different deadline, in a written stipulation filed with the court. For purposes of cases referred for a tribunal from other trial court departments, or the federal courts, the date of docketing of the referral in the Superior Court shall be substituted for the date of filing of the answer.

"b. Upon a plaintiff's failure to file a timely offer of proof, the court may find, upon motion of a party or its own initiative, that the plaintiff has failed to present sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry as to the defendant who filed the answer. A plaintiff's failure to file a timely offer of proof shall waive the plaintiff's right to a tribunal before entry of such a finding by the court."

In particular, under section 1, a party is required to provide an offer of proof within fifteen days of the answer being filed. When Lane failed this requirement, the hospital properly and promptly requested the judge to find that Lane "failed to present sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry as to the defendant who filed the answer." Rule 73 (1) (b) of the Rules of the Superior Court.

 Contrary to Lane's argument, rule 73 (2) (a) & (b), does not control the instant circumstances. Employing statutory construction canons to interpret the rule, we conclude that the general "if any" language cannot supersede the specific language of section 1, which outlines the effect of a failure to file an offer of proof. See Doe v. Attorney Gen., 425 Mass. 210, 215-216 (1997). See also 2B Singer & Singer, Sutherland Statutory Construction § 51.2 (6th ed. 2012) ("If an irreconcilable conflict does exist between two statutes, the more specific statute controls over the more general one"). Reading the rule as Lane does would lead to an illogical result given her failure to file an offer of proof, see Sullivan v. Brookline, 435 Mass. 353, 360 (2001), and would contravene the salutary purpose the Legislature had when it enacted G. L. c. 231, § 60B.

 As Lane has failed to timely file an offer of proof, she has waived her right to a tribunal. See Superior Court Rule 73 (1) (b). On remand, the judge must address the hospital's request that because Lane failed to file an offer of proof, she failed to present sufficient evidence to raise a legitimate question of liability appropriate

 Page 81 

 for judicial inquiry. See G. L. c. 231, § 60B. If the judge determines that Lane has not raised such a question, and Lane wishes to proceed with this civil action, she must post the necessary bond. The order denying the motion for a finding is vacated. The case is remanded for further proceedings consistent with this opinion.

 So ordered.

FOOTNOTES
[Note 1] Winchester Hospital Inpatient Pharmacy. 

[Note 2] Pursuant to G. L. c. 231, § 118, a single justice of this court granted the hospital leave to file an interlocutory appeal in this matter. 

[Note 3] The judge also denied the hospital's motion to reconsider. 

[Note 4] Given the procedural posture of this case, the facts recited in the complaint are assumed to be true. See Vasa v. Compass Med., P.C., 456 Mass. 175, 176 (2010). 

[Note 5] Lane did not allege that she had any known or previous allergy to "depomedrol dexamethasone or solumedrol" itself. 

[Note 6] The hospital also finds fault in the judge's determination that expert testimony will not be required in what she held to be an ordinary negligence action. As we have determined that this is a medical malpractice action, if the case moves forward, it will be Lane's burden to "establish the applicable standard of care and demonstrate both that [the hospital] breached that standard, and that this breach caused the patient's harm." Palandjian v. Foster, 446 Mass. 100, 104 (2006). Whether an expert is necessary in the circumstances of this case for Lane to carry that burden is a question we need not resolve. However, we do note that "[i]t is only in exceptional cases that a jury instructed by common knowledge and experience may without the aid of expert medical opinion determine whether the conduct of a [healthcare provider] toward a patient is violative of the special duty which the law imposes as a consequence of this particular relationship" (citations omitted). Forlano v. Hughes, 393 Mass. 502, 507 (1984). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.